GEORGE HUNTLEY, JR., *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 31, 1917.

CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—VERDICT AGAINST THE WEIGHT OF EVIDENCE

Where in a trial for assault upon a child of three years of age with intent to commit rape the weight of the evidence preponderates against the verdict of conviction, and where the only semblance of evidence in the case that would justify conviction was wholly inadmissible for any purpose whatsoever, the judgment of conviction will be reversed.

Writ of Error to Circuit Court for Franklin County; E. C. Love, Judge.

Judgment reversed.

*R. Don McLeod, Jr.,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error on writ of error seeks relief from a judgment and sentence of conviction in the Circuit Court of Franklin County for the crime of assault with intent to rape a child of the age of three years. The trial court denied the defendant's motion for new trial, that was made upon the following two grounds, among others:

"1st. Because the verdict is contrary to the evidence.

"4th. Because the evidence so preponderates against the verdict that it may reasonably be apprehended that the jury was influenced in arriving at such verdict by considerations outside of the evidence." This denial of the motion for new trial was duly excepted to and is assigned as error. Were it not for the evidence of the child's mother recounting declarations that she testified were made to her by the child, there would be absolutely no evidence that would justify a conviction for this heinous crime. The testimony of the child's mother that she deposed from her own observations, was flatly contradicted by at least three witnesses. The evidence of a physician who made an examination of the child's person as to the finding of a purple spot in the genitals of the child that he thought was a bruise, was fully explained away by two old colored women who testified that all female mulatto children had the same purple spot in the same place as this child had, and this testimony of theirs was wholly uncontradicted and not explained away in any particular. The evidence is overwhelmingly to the effect that the defendant had no opportunity to commit

the offense at the time that it is charged against him. The testimony shows that the whole time he was with the child he was in full view of inhabited houses in a thickly built up section of the town of Apalachicola.

It is true that the evidence of the child's mother detailing assertions claimed to have been made to her by the child alleged to have been assaulted was not objected to by the defendant's counsel, but with a child of only three years of age it was so patently erroneous to permit its observations and utterances, especially in a case of this kind, to be detailed in evidence by its mother, and that too when made by the child, not spontaneously by way of complaint, but in response to a scolding interrogation by the mother. We have no hesitancy in saying that this testimony was wholly inadmissible for any purpose whatever. Adams v. State, 34 Fla. 185, 15 South. Rep. 905.

Upon the whole record we are impressed with the contention of the defendant that the weight of the evidence was against the verdict returned, and especially so if the inadmissible utterances of the child be left out of the case.

The judgment below is hereby reversed at the cost of Franklin County.

Browne, C. J., and Shackleford, Whitfield and Ellis, JJ., concur.