PER CURIAM.
The defendant below appeals his conviction in a nonjury trial, of the offense of lewd assault upon a female under the age of 14 years without intent to commit rape (§ 800.04 Fla.Stat., F.S.A.), with which he was charged by information.
Appellant contends the trial court committed reversible error by receiving, over objection, testimony of the child’s mother of statements made to her by the child following the incident. We hold that contention is without merit. The testimony given at trial by the child, who was 10 years of age, was amply sufficient to support the conviction. No useful purpose would be served by reciting the details of the occurrence as related by the girl.
The defendant was in the victim’s home to do certain electrical repair work. The mother, who was there with the child, left to go to a market, to be absent for the time necessary for that purpose. The child, who was doing housecleaning chores, remained in the house. The actions of the defendant which formed the basis for the charge against him occurred during the mother’s absence. As the mother returned the defendant was seen by her to be driving away. The mother testified that she found the child screaming, and in her testimony related the facts the child stated to her as to the occurrence. Such statements by the child, as testified to by the mother, were consistent with the facts as testified to by the child. A police officer testified that the defendant, after having been warned of his rights, voluntarily stated he had kissed the 10 year old girl and put his hands on her body. The defendant denied having done more.
The statements of the child which the mother related in her testimony were made by the child when she was in an excited state as a result of the experience, and promptly upon the mother’s return and only minutes after the defendant had departed. The trial court was eminently correct in ruling that the challenged testimony of the mother was admissible as res gestae. Gray v. State, Fla.App.1966, 184 So.2d 206; State v. Hutchison, 222 Or. 533, 353 P.2d 1047, 83 A.L.R.2d 1361; State v. Withrow, 142 W.Va. 522, 96 S.E.2d 913; 29 Am.Jur.2d, Evidence §§ 708 and 719; Anno. 19 A.L.R.2d 579, 586-588; 83 A.L.R.2d 1368, 1372. Here the child’s statements to the mother, as related in the testimony of the latter, were cumulative evidence, and were corroborative of the fuller testimony of the child.
No reversible error having been shown, the judgment is affirmed.