## GOVERNMENT OF the VIRGIN ISLANDS

v.

## David Ray DYCHES, III, Appellant.

### No. 74–1738.

United States Court of Appeals, Third Circuit.

Argued Dec. 3, 1974.

Decided Jan. 2, 1975.

Certiorari Denied April 14, 1975.

See 95 S.Ct. 1579.

---

Gerald Dennenberg, St. Thomas, V. I., for appellant.

Julio A. Brady, U. S. Atty., Ishmael A. Meyers, Asst. U. S. Atty., Charlotte Amalie, St. Thomas, V. I., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

The appellant in this case was the defendant ("defendant") in a trial before the district court, sitting without a jury. He was convicted of murder in the first degree and assault in the first degree. Defendant's only substantial claim on appeal is that the district court erred in admitting into evidence a hearsay statement attributed to one of the victims of the crimes. The victim had died prior to trial and the statement was introduced through testimony of a witness to whom the statement had been made.

The incident that gave rise to the criminal charges against defendant occurred around 1:30 a. m. on March 12, 1974, when a young woman, Terry Tinkham, and her fiance, Frank Indelicato, were awakened from their sleep and brutally beaten by an assailant. As a result of the injuries received from this beating, Terry Tinkham died three days later having regained consciousness, allegedly, only once.

The statement, admission of which is attacked on this appeal, implicated defendant as the assailant. It was made by Ms. Tinkham to Mr. Indelicato at some point during the hour or so after the beating took place and before the two were discovered by persons who lived in the house where the victims were residing.

In holding Mr. Indelicato's hearsay testimony concerning Ms. Tinkham's statement admissible, the district court stated that it was of the opinion that the statement, when made by Ms. Tinkham, was "sufficiently contemporaneous" with the beating as to be admissible under 5 V.I.C. § 932 (1967). That section provides a statutory exception to the hearsay rule for statements made by de-

clarants that are reasonably contemporaneous to the events to which the statements pertain.[1]

■ On appeal defendant contends that Section 932 is inapplicable to Mr. Indelicato's testimony since the district court never explicitly found that Terry Tinkham's statement was made at a time when her recollection was clear, arguing that such a finding is a prerequisite to admissibility under Section 932. But whatever utility Section 932 may have as a reminder of the factors to be considered in rendering a determination on admissibility of hearsay evidence in criminal cases, the Section has no legal force in such cases. The Virgin Islands are made subject to the Federal Rules of Criminal Procedure by Rule 54 of the Rules. Rule 26 provides that the admissibility of evidence in criminal trials, except when an Act of Congress or the Rules themselves provide, will be governed by common law principles.[2]

An exception to the hearsay rule for spontaneous exclamations has long been recognized at common law. *See* Wigmore on Evidence § 1750 (3d ed. 1940). Professor Wigmore has indicated that there are three essential requirements of the exception: (1) that there must be "some *occurrence, startling enough* to produce . . . nervous excitement and render the utterance spontaneous and unreflecting," *id.* at 142; (2) that "[t]he utterance must have been *before there has been time to contrive and misrepresent, i. e.,* while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance," *id.,* and (3) that "[t]he utterance must relate to the circumstances of the occurrence preceding it." *Id. See also,* United States v. Poitra, 486 F.2d 46 (8th Cir. 1973); United States v. Glenn, 154 U.S.App.D.C. 61, 473 F.2d 191 (1972); United States v. Kearney, 136 U.S.App. D.C. 328, 420 F.2d 170 (1969); Beausoleil v. United States, 71 App.D.C. 111, 107 F.2d 292 (1939).

The general objective of the judicially created doctrine known as the hearsay rule is the exclusion of out-of-court statements made by persons who are not present at trial since, under such circumstances, the credibility of the statements cannot be tested on cross examination.

■ The narrow exception created for spontaneous declarations was developed to prevent the exclusion of such out-of-court statements where the external circumstances under which the statements were made provide a strong probability that the declarant was speaking both truthfully and accurately. The primary concern in cases dealing with spontaneous declarations is whether there is any likelihood that the declarant has fabricated his statement or that the declarant's recollection has become clouded prior to the time the statement was made.

The central consideration in determining these various likelihoods, is the amount of time that has elapsed between the occurrence of the event to which the statement pertains and the

---

1. Section 932 provides in pertinent part:

   Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

   &ast; &ast; &ast; &ast; &ast; &ast;

   (4) *Contemporaneous statements and statements admissible on ground of necessity generally.* A statement (a) which the judge finds was made while the declarant was perceiving the event or condition which the statement narrates, describes or explains, or (b) which the judge finds was made while the declarant was under the stress of a nervous excitement caused by such perception, or (c) if the declarant is unavailable as a witness, a statement narrating, describing or explaining an event or condition which the judge finds was made by the declarant at a time when the matter had been recently perceived by him and while his recollection was clear, and was made in good faith prior to the commencement of the action; 5 V.I.C. § 932 (1967).

2. A comment in the Virgin Islands Code at the beginning of the Chapter in which Section 932 is found acknowledges the inapplicability of the Code's rules of evidence to criminal actions. *See* 5 V.I.C. Prec. § 771, at 181 (1967). *See also* Government of Virgin Islands v. Pondt, 456 F.2d 679 (3d Cir. 1972).

making of the statement, since the passage of time allows both contrivance and forgetfulness. The court infers from this external circumstance, and others cited by Professor Wigmore, that the statement is, in a strictly legal sense, reliable enough to warrant its admission.

■ In this case, Frank Indelicato's testimony clearly satisfied the requirements of the common law exception to the hearsay rule for spontaneous declarations. The crucial factors are: (1) the unavailability of Ms. Tinkham; (2) the relative proximity of the time the statement was made by Ms. Tinkham and the time the beating took place;[3] (3) the startling and unexpected nature of the beating, and the fact that Ms. Tinkham's statement pertained to the beating. Any evidence which tended to prove that given the nature and extent of Ms. Tinkham's injuries she was likely to have been delirious or her recollection was not likely to have been clear, would go only to the *credibility* of the hearsay testimony.[4]

■ The district court has substantial discretion in determining what constitutes a spontaneous declaration. As was stated in *Beausoleil, supra:*

> What constitutes a spontaneous utterance such as will bring it within this exception to the hearsay rule must depend, necessarily, upon the facts peculiar to each case, and be determined by the exercise of sound judicial discretion, which should not be disturbed on appeal unless clearly erroneous. *Id.* at 294–295.

The district court's admission of Mr. Indelicato's testimony was certainly within the district court's discretionary power.

The judgment of the district court will be affirmed.

3. It is clear from the record that the statement was made sometime within a period of approximately one hour after the crime. *See* United States v. Kearney, *supra*, where hearsay testimony was held admissible although the statement attested to, made by the victim of a shooting, occurred approximately twelve hours after the crime.

4. We note that even if it could be said that an issue concerning the credibility of Ms. Tinkham's statement remained, that issue would be moot now because, apart from Mr. Indelicato's testimony, there was unquestionably enough evidence against defendant to sustain his conviction. The most incriminating of

this evidence was the testimony of two acquaintances of defendant to whom defendant had confessed his crime and described its commission with a particularity of detail that indicates that the confessions were authentic. We are of the opinion that it was this evidence, overwhelmingly adverse to defendant, upon which the district court based its judgment. Our conclusion is based upon careful review of the trial transcripts where we found that the district court, in articulating its findings in support of its judgment at the close of the trial, did not mention Mr. Indelicato's hearsay testimony.