412 So.2d 458 (1982)
Daniel James LYLES, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1428.
District Court of Appeal of Florida, Second District.
April 14, 1982.
Jerry Hill, Public Defender and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
*459 Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
This is an appeal from a judgment adjudicating the appellant guilty of the sexual battery of his four-year-old stepdaughter, Heather Kelly, and a sentence of life imprisonment entered thereon. We reverse.
The incident in question occurred during the late evening hours of August 29, 1980. Heather was left alone in an orange grove overnight and returned to her home by the appellant at approximately 10:15 a.m. the next day. Shortly thereafter she was questioned by Deputy Lee of the Highlands County Sheriff's Department. The family photo album was displayed to her, but she could not identify the perpetrator to the satisfaction of Deputy Lee. She was then taken to the hospital, and a physical examination revealed that she had lacerations in the vaginal area and that her hymen was torn.
At approximately 1:55 p.m. Heather was questioned by Sgt. Monica Sauls at the request of Deputy Lee. In response to questioning, Heather stated that her daddy had messed her up and that it was done in the oranges by the graveyard. Since she called both her father and her stepfather daddy, the family photo album was displayed to her and she identified the appellant. The album was admitted into evidence and Sgt. Sauls was allowed to state which picture Heather had chosen. On the basis of the statements made to her, Sgt. Sauls was allowed to draw the conclusion that the crime took place in Highlands County.
Heather did not testify at trial.
The appellant contends that it was error to allow Sgt. Sauls to testify, over objection, to statements made to her by Heather and also to draw conclusions from that testimony.
The appellee contends that the statements were admissible under the common law complaint theory or pursuant to the spontaneous statement exception to the hearsay rule.
We agree with the appellant's contention that it was error to admit the testimony.
The statements were clearly hearsay. Section 90.801(1)(c), Florida Statutes (1979), provides:
"Hearsay" is an out-of-court statement, other than one made by a declarant who testifies at the trial or hearing, offered in court to prove the truth of the matter contained in the statement.
Hearsay testimony is generally inadmissible for several reasons. First, the declarant is not testifying under oath. Second, the declarant is not in court for the trier of fact to observe his or her demeanor. Third, and of prime importance, the declarant is not subjected to cross-examination in order to test the truth of the statement. State v. Freber, 366 So.2d 426 (Fla. 1978).
Section 90.801(2)(c), Florida Statutes (1979), provides that a statement is not hearsay if the declarant testifies at the trial and is subject to cross-examination concerning the statement and the statement is one of identification of a person made after perceiving him. This statute does not support the appellee's position because Heather did not testify at trial.
Under the facts of this case, we hold that the statements made by Heather to Sgt. Sauls were not admissible under the common law complaint theory advanced by the appellee. It is true that an outraged female should seek the first opportunity to complain, and the fact that she does complain is submitted to the jury as evidence. However, her detailed statement of the circumstances cannot be testified to by the party to whom she made the statement. The complaint itself is admissible to rebut any inference of consent which might be drawn from the prolonged silence of the victim, but not to prove the crime. Custer v. State, 159 Fla. 574, 34 So.2d 100 (1948).
*460 There was no evidence that Heather complained to her grandfather, her mother, her grandmother, Deputy Lee, or Sgt. Sauls. Sgt. Sauls was allowed to repeat the detailed circumstances of the event obtained through interrogation of Heather.
The appellee's contention that the statements were admissible as spontaneous statements or excited utterances is also without merit.
Section 90.803(1), (2), Florida Statutes (1979), providing for hearsay exceptions, defines these statements as follows:
(1) SPONTANEOUS STATEMENT.  A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
(2) EXCITED UTTERANCE.  A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
It is clear that Heather's statements were not made while she was perceiving the event or condition or immediately thereafter, or even at her first opportunity.
The supreme court in the case of Huntley v. State, 73 Fla. 800, 75 So. 611 (1917), held that it was error for a child's mother to detail assertions claimed to have been made to her by her child who had been assaulted, even though the defense counsel did not object to the testimony at the time of trial. In the Huntley case, the court held that the statements were not spontaneously made by way of complaint but in response to a scolding interrogation by the mother. In the case sub judice, Heather made no spontaneous statements, but only responded to questions by a police officer.
In order for the spontaneous statement exception to the hearsay rule to be applicable, there must be some occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting. The utterance must have been made before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance, and the utterance must relate to the circumstances of the occurrence preceding it. The Government of the Virgin Islands v. Dyches, 507 F.2d 106 (3rd Cir.1975), cert. denied, 421 U.S. 917, 95 S.Ct. 1579, 43 L.Ed.2d 783 (1975). Additionally, the burden is upon the state to lay a proper predicate for the admission of such testimony by showing either by the child's condition or by her own testimony that special circumstances exist. Since Heather did not testify at the trial, it was incumbent upon the state to show by Heather's condition that she did not have an opportunity to reflect or deliberate. The state failed to meet its burden in the case sub judice.
There was no testimony to show that Heather was dazed, excited, or hysterical, or that she was anything other than calm. The statement was not made until several hours after she had been returned to her home and was not made to her mother or grandmother, but brought out by interrogation. According to her grandfather, she was normal and playing in the yard at the time the police officer came to investigate the incident. The doctor who examined her stated that she was not visibly upset and was in fact withdrawn.
The appellee's reliance on Beausoliel v. United States, 107 F.2d 292 (D.C. Cir.1939), is misplaced. In that case, a mother was allowed to testify as to her conversations with her daughter shortly after the incident in question. However, the child also testified at the hearing. Additionally, the declarations of the child were made under such circumstances and so recently after the occurrence that the idea of reflection or deliberation was precluded. In the case sub *461 judice, Heather did not testify, and the state laid no other predicate to show that Heather was under the stress of excitement caused by the event at the time the statement was made.
In view of our holding concerning Heather's statements, it is not necessary to consider the appellant's other points on appeal.
We reverse and remand for a new trial.
BOARDMAN, A.C.J., and DANAHY, J., concur.