412 So.2d 443 (1982)
William MONARCA, Appellant,
v.
STATE of Florida, Appellee.
No. 81-227.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
*444 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant was charged in a two count indictment with first degree burglary (§ 810.02, Fla. Stat. (1979)) and sexual battery (§ 794.011, Fla. Stat. (1979)). Pursuant to guilty verdicts on both counts, the trial court sentenced appellant to concurrent thirty year terms on each count. Appellant now appeals, contending that: (1) the trial court erred in admitting certain hearsay testimony over objection; (2) separate convictions and sentences on both counts are barred by double jeopardy; and (3) the trial court erred in sentencing appellant as an adult without following the procedures set out in section 39.111(6), Florida Statutes (1979). We affirm.
At trial, the State presented the testimony of the prosecutrix, who testified to the following events. On the Sunday morning in question, she took a shower in preparation to go out shopping. As she stepped from the shower, the appellant grabbed her and held a pair of her sewing scissors to her throat. Appellant then dragged her into the bedroom, threw her on the bed and proceeded to rape her twice. He then asked her where her phone was and she told him it was in the kitchen. As he dragged her into the kitchen, she broke his grasp and ran out the back door screaming. Her neighbors arrived and some started chasing the appellant through the neighborhood, while others stayed with her. The police arrived in a matter of minutes and an officer proceeded to take her to the local hospital. However, before reaching the hospital, the officer was informed the police had a suspect in custody on a neighboring street. The officer and the victim turned around and went back to the neighboring street, where she positively identified the appellant. The officer then took her immediately to the hospital, where she was treated by a doctor and nurse, who took several tests. The State also presented the testimony of the nurse who had talked to the victim when she arrived at the hospital. The defense objected to allowing the nurse to repeat statements of the victim, arguing that whatever statements the victim made to the nurse about the events were "too distant in time." The trial court overruled the objection and allowed the nurse to repeat various statements concerning the assault that the prosecutrix had made to the nurse. *445 Finally, the State also established that the prosecutrix's sewing shears were found in the woods near her house and introduced into evidence the results of laboratory tests.[1]
The appellant was the only witness to testify for the defense. He testified that he was taking a walk on the morning of the arrest and was passing the back of the victim's house when she beckoned him inside. Although he admitted having intercourse with the victim, he asserted it was by mutual consent. He stated he ran from the house because she suddenly began screaming and yelling and he did not know why.
We hold the trial court did not err in allowing the nurse to testify. Generally, when the charge is one of rape, Florida has recognized a "first complaint" exception to the hearsay rule. Under this exception, the prosecutrix's testimony was corroborated by evidence that she complained of the outrage soon after its commission. Ellis v. State, 25 Fla. 702, 6 So. 768 (1889). This evidence was permissible, not to prove the crime itself, but to rebut the inference of consent which might be drawn from prolonged silence of the prosecutrix. Technically, this exception only went to the fact that the prosecutrix complained; the exception did not include detailed statements of the circumstances. Ellis. However, this technical distinction has relaxed with time and the substance of the prosecutrix' complaint, where it occurred shortly after the crime, has been admitted under the more general res gestae exception to the hearsay rule. See, e.g., Irvin v. State, 66 So.2d 288 (Fla. 1953), cert. denied, 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419 (1954); Fitter v. State, 261 So.2d 512 (Fla. 3d DCA 1972); Thomas v. State, 220 So.2d 638 (Fla. 3d DCA 1969); Gray v. State, 184 So.2d 206 (Fla. 2d DCA 1966).
In determining whether a statement is part of the res gestae, four factors have been noted:
1) the time gap between the statement and the [incident], 2) the voluntary nature of the declaration, 3) the self-serving nature of the statement, and 4) the declarant's physical and mental condition at the time of the statement.

Appell v. State, 250 So.2d 318, 321 (Fla. 4th DCA), cert. denied, 257 So.2d 257 (Fla. 1971).
While time is an important factor, the spontaneity of the utterance is probably most controlling. Thus, res gestae is not limited only to those statements made simultaneously with the act in question.
All declarations and acts of the parties to a transaction which are contemporaneous with and accompany it, and are calculated to throw light upon the motives and intention of the parties to it, are admissible as parts of the res gestae. A more liberal statement of the rule as announced by many recent decisions is that, not only such declarations and acts as accompany the transaction are admissible as parts of the res gestae, but also such as are made or performed under such circumstances as will raise a reasonable presumption that they are the spontaneous utterance or act created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they were the result of premeditated design.

Washington v. State, 118 So.2d 650 (Fla. 2d DCA 1960).
These general philosophies of the res gestae exception to the hearsay rule are carried over into the present evidence code, section 90.803, Florida Statutes (1979). Thus in the instant case, since the proxecutrix' statements to the nurse were sufficiently close in time to the occurrence of the events and occurred under such circumstances that they could reasonably be presumed to be spontaneous, they were admissible under the res gestae exception to the hearsay rule.
*446 Appellant next contends that he could not be convicted and sentenced for sexual battery where the sexual battery was an "essential element" of the first degree burglary. Although not articulated by the appellant, the issue really turns on the application of the double jeopardy clause.
The double jeopardy clause of the fifth amendment to the U.S. Constitution protects against multiple punishments for the same offense. Therefore, when a person is charged with violating several statutes during the course of a single series of events, the several statutes must be analyzed to determine whether they constitute the same offense or not. The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). There, it was stated:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182.
In Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981), this court, citing Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), recognized that the Blockburger test emphasizes the statutory elements of the two crimes. Thus, the statutes must be analyzed to determine whether each statute requires proof of an element which the other statute does not.[2]
The instant case involves the crimes of first degree burglary and sexual battery. Section 810.02, Florida Statutes (1979), provides, in part:
(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
Consequently, to prove a first degree burglary the State must prove a defendant (1) entered or remained in a (2) structure or a conveyance with (3) the intent to commit an offense and that (4) during the course of the offense the offender (5) made an assault upon any person. Correspondingly, section 794.011, Florida Statutes (1979), proscribes the offense of sexual battery and states, in part:
(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in § 775.082, § 775.083, or § 775.084.
Additionally, section 794.011(1)(f) defines sexual battery as:
(f) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes.
To prove a sexual battery under these provisions, the State must prove (1) the victim was over the age of 11 years, (2) did not give consent, (3) was forced to submit to (4) oral, anal, or vaginal (5) penetration by the (6) sexual organ of the defendant and (7) during the course thereof the defendant uses (a) a deadly weapon or (b) actual physical force likely to cause serious personal *447 injury.[3] Comparing the elements that must be proved under each statute, it can clearly be seen that first degree burglary requires proof of elements that sexual battery does not (e.g., entering or remaining, structure or conveyance, intent to commit a felony) and sexual battery contains certain elements not included in first degree burglary (e.g., the various acts constituting sexual battery, nonconsent of the victim, age of the victim). Thus, there is no constitutional (double jeopardy) prohibition from charging, convicting, adjudicating, and punishing the appellant for both crimes.
The next question to be considered is whether there is any statutory prohibition for punishing appellant for both crimes. Section 775.021(4), Florida Statutes (1979), provides:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
Under this statute, appellant should be sentenced for each statutory offense unless one can be considered a lesser included offense of the other. Clearly neither of the crimes involved in the instant case are a necessarily lesser included offense of the other as defined in Brown v. State, 206 So.2d 377 (Fla. 1968).[4] Neither is either crime in the instant case a permissive lesser included offense of the other.[5] Under category 4 of Brown, one crime is only a permissive lesser included offense of the other crime if the allegata of the charge and the probata at trial are the same. In the instant case count I of the indictment charged that the appellant
on the 5th day of October, 1980, in The County of Brevard, and State of Florida, did then and there unlawfully enter or remain in a STRUCTURE, to wit: A DWELLING, located at ... the property of [the victim] as owner or custodian, with intent to commit an offense therein, to wit: SEXUAL BATTERY, and in the course of committing said offense made an assault on [the victim] contrary to Sections 810.02(1) and 810.02(2)(a), Florida Statutes, ... .
Thus, the allegata of count I only charged appellant with committing an assault.[6] Therefore the sexual battery alleged in Count II was not charged as an element in *448 count I and could not be considered a category 4 lesser included offense of count I.
Not only is the allegata insufficient, the proof at trial for both charges was different. The State proved at trial that appellant (1) physically grabbed the victim, (2) threatened her with sewing shears, (3) raped her by vaginal penetration and (4) raped her by anal penetration. Any one of these four acts could, in and of itself, prove the assault charged in count I. Therefore, the sexual battery charge of count II was neither a necessary nor permissive lesser included offense of count I and appellant's convictions and sentences for both counts should be affirmed.
As to appellant's last issue, a review of the transcript of the sentencing hearing establishes that appellant never objected to the trial court's failure to follow the procedures set out in section 39.111(6), Florida Statutes (1979). Thus appellant has waived this issue for appellate purposes. See Greene v. State, 403 So.2d 1126 (Fla. 5th DCA 1981); Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA 1981); Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981).
The judgments and sentences are affirmed without prejudice to appellant raising his alleged sentencing error with the trial court pursuant to Florida Rule of Criminal Procedure 3.850.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] At trial, the results of these tests and others were admitted into evidence. The results substantiated that the victim had recently had intercourse with a male who had the same blood type as appellant and that foreign pubic hairs found on the victim were indistinguishable from samples taken from appellant.
[2] See, e.g., Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); Ianelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).
[3] Section 794.011(1)(f) defines sexual battery in terms which include additional activities not relevant to the instant discussion.
[4] This conclusion is most clearly illustrated in the prior double jeopardy analysis. If crime A does not contain an additional element absent from crime B, then crime A is, by definition, a necessary lesser included offense of crime B. It follows that if crime A does contain an element not required by crime B, then crime A is not a necessary lesser included offense of crime B.
[5] The simplest construction of section 775.021(4) would be to read the phrase "excluding lesser included offenses" as referring only to necessarily lesser included offenses. There is a direct and absolute correlation between the concept of necessarily lesser included offenses and separate offenses for double jeopardy purposes. If a crime is a necessarily lesser offense of another, then it would constitute double jeopardy to punish for both offenses; if a crime is not a necessarily lesser offense of another, then it does not constitute double jeopardy to punish for both offenses. Therefore, construing the subject phrase as referring only to necessarily lesser included offenses would allow convictions and sentencing for every criminal act committed that would not offend double jeopardy principles. Alternatively, if the phrase "excluding lesser included offenses" is construed to include category 4, permissive lesser included offenses, the statute still does not violate double jeopardy principles but it is no longer exactly coextensive. In fact, such a construction allows a defendant to be convicted but not sentenced for certain criminal acts he commits and could constitutionally be punished for, a construction totally inapposite to the purpose of the statute itself.
[6] Although the state must allege the particular felony the defendant intended to commit inside the structure, all the elements of the named felony do not need to be alleged nor proved; it is the intent to commit a felony, not the felony, which is an element of the crime of burglary.