DELL, Judge.
Appellant seeks reversal of his conviction and sentence for possession of cocaine. He contends that the trial court reversibly erred when it overruled his objection to the admission of hearsay evidence given by a police officer. We agree and reverse.
The police arrested appellant after they observed an exchange of an unidentified object between another man and him. A police officer testified that after appellant saw him, he ran away. He and another police officer gave chase. During the chase the police officer saw appellant remove a vial from his pocket, but did not see what appellant did with the vial. The police officers searched appellant but found no drugs. Approximately one-half hour later, the vial was found in a vacant lot adjacent to a fence. When the police officers arrested appellant, he was standing near a fence that was being repaired by an elderly man. During trial the state presented the following testimony from the police officer over appellant’s objection:
... what if anything did you do?
A. I spoke to the caretaker [elderly man].
Q. Did this other person who was there — did he ever identify himself?
A. Not by name.
Q. At the time you were there, did this person tell you anything?
A. Yes, he did.
Q. What did that person tell you?
MS. POLLACK: Objection. Hearsay.
MR. HOBSON: Your Honor, I would argue that it is an excited — either excited utterance or excited statement, under Florida statute.
THE COURT: You’re talking about the defendant?
MR. HOBSON: No, Your Honor. The statements this other black male, older gentleman, apparently made to the police officer.
And if you’re arguing under that provision of the evidence code, if the declarant is unavailable, that is immaterial.
THE COURT: Do you want to respond, Ms. Pollack?
MS. POLLACK: Judge, the objection is that it is hearsay.
I don’t believe it is an excited utterance.
THE COURT: I will overrule the objection. Go ahead.
Q. (By Mr. Hobson) What did this caretaker, the older gentleman, tell you?
A. He said words to the effect that: This is the person that was running from you and he threw something over the fence.
During appellant’s case, the caretaker testified that he did not tell the police officers that he saw appellant throw anything over the fence. Appellant argues that the police' officer’s testimony constituted inadmissible hearsay and that the state failed to lay a proper predicate to bring it within the excited utterance exception to the hearsay rule. Section 90.803(2), Florida Statutes (1985) provides:
(2) Excited Utterance — A statement or excited utterance relating to a startling event or condition made while the declar-ant was under stress or excitement caused by the event or condition.
The court stated in Lyles v. State. 412 So.2d 458, 460 (Fla. 2d DCA 1982), that:
In order for the spontaneous statement exception to the hearsay rule to be applicable, there must be some occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting. The utterance must have been made before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance, and *756 the utterance must relate to the circumstances of the occurrence preceding it. Additionally, the burden is upon the state to lay a proper predicate for the admission of such testimony by showing either by the child’s condition or by her own testimony that special circumstances exist. [citations omitted].
We believe the reasoning of the court in Lyles applies equally to the excited utterance exception of the hearsay rule. The state offered no evidence to establish a predicate for the admissibility of the police officer’s testimony other than to refer to the exception to the hearsay rule.
The fact that the witness testified during appellant’s case did not affect the inadmissibility of the clear hearsay statements made by the officer. See Wells v. State, 477 So.2d 26 (Fla. 3d DCA 1985). Here the appellant’s possession of the vial containing the drugs was an essential fact that the state had to prove. The state’s attempt to bolster the police officer’s testimony and its case by the admission of the hearsay evidence to prove this fact cannot be viewed as harmless error.
Accordingly, we reverse appellant’s conviction and sentence and remand this cause for a new trial.
REVERSED and REMANDED.
ANSTEAD and WALDEN, JJ., concur.