## STATE OF FLORIDA v FERNANDEZ

Case No. 87-89949TTA04

County Court, Palm Beach County

October 14, 1987

## APPEARANCES OF COUNSEL

**Kathleen Donnelly,** Assistant State Attorney, for plaintiff.
**James Eisenberg** for defendant.

## OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

This Cause came before the Court upon Defendant's Motion for New Trial, pursuant to Florida Rule of Criminal Procedure 3.600(b)(6). The State was represented by Assistant State Attorney Kathleen Donnelly, and the defendant was represented by James Eisenberg, Esquire. The defendant was found guilty by a jury on September 3, 1987 of driving under the influence of alcoholic beverage. The facts of the case are as follows:

The defendant was involved in a vehicle accident with Officer Thibodeau of the Delray Beach Police Department on May 1, 1987 at approximately 8:17 p.m.. Officer Thibodeau was riding his motorcycle when the defendant made a turn in the path of Officer Thibodeau, causing Officer Thibodeau to lay his bike down striking the defendant's truck. After the impact, Officer Thibodeau was face down in the roadway and after waking up, he crawled to a grass median some distance from the defendant's truck. Officer Thibodeau was not able to identify the driver of the truck.

Olma Crowley was a witness to the accident, however, he was unable to positively identify the driver of the truck. He testified that he believed the person was of Mexican descent. Officer Minch, of the Delray Beach Police Department, was the first officer on the scene as he responded to the accident. His first attention was drawn to Officer Thibodeau to make sure that he was okay. After ascertaining that Officer Thibodeau would be okay, Officer Minch went to the location of the truck to determine the identity of the driver of the truck. He talked to the passenger of the truck, however, the passenger did not testify in Court and whatever the passenger told the officer was hearsay and was excluded from the trial. The State had no other witness who could identify the driver of the truck. Officer Minch testified that after talking to the female passenger, the crowd that had gathered was pointing to the defendant as the driver of the truck. This was objected to by the defendant stating that it was hearsay and did not qualify as any exception. The State argued that pursuant to Section 90.803(1) Florida Statute (1985) *Spontaneous Statement,* the actions of the crowd pointing to the defendant as the driver should be admitted as a spontaneous statement. The Court overruled the objection and allowed

**77**

the testimony. After the crowd pointed to the defendant, Officer Minch went up to the defendant and the defendant stated that he was the driver of the truck.

The defendant argues that the Court erred by admitting, under the spontaneous statement exception to the hearsay rule, the evidence pointing out the driver of the truck. Without this testimony, the defendant argues that the State would not have been able to prove corpus delicti.

## FINDINGS

A Motion for New Trial should not be granted unless the error alleged seriously affected the fairness of the trial. *State v. Connell,* 478 So.2d 1176, 1177 (Fla. 2d DCA 1985).

Section 90.803(1), Florida Statutes (1985), provides:

(1) Spontaneous Statement.—a spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.

This exception encompasses evidence frequently considered under what was referred to as the *res gestae* exception prior to the adoption of the Florida Evidence Code. *State v. Johnson,* 382 So.2d 765 (Fla. 2d DCA 1980); 1976 Law Revision Counsel Note to sub section (1) of Section 90.803, 6C Fla. Stat. Ann. 267 (1979).

The Defendant cites *Lyles v. State,* 412 So.2d 458 (Fla. 2d DCA 1982). In that case, in order for the spontaneous statement exception to the hearsay rule to be applicable, there must be some occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting. The utterance must have been made before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance, and the utterance must relate to the circumstances of the occurrence preceding it. *Lyles,* at page 460. The Court also went on to state that additionally, the burden is upon the State to lay a proper predicate for the admission of such testimony by showing that special circumstances exist. In the case at bar, neither the passenger nor any of the bystanders testified at trial. Therefore, the State failed to meet its burden in the case sub judice.

In *Carver v. State,* 344 So.2d 1328 (Fla. 1st DCA), *cert denied,* 352 So.2d 174 (Fla. 1977), the Court presented the standard for determining whether a statement is part of the res gestae exception:

The term "res gestae" comprehends a situation which presents a startling or unusual occurrence sufficient to produce a spontaneous and instinctive reaction, during which interval certain statements are made under such circumstances as to show lack of forethought or deliberate design and in the formulation of content. . . . A key element in determining whether a statement is or is not part of the res gestae is the interval of time between the principal act or main event or when the statement is made.

Similarly, in *Appell v. State,* 250 So.2d 318 (Fla. 4th DCA) *cert denied,* 257 So.2d 257 (Fla. 1971), the Court said in determining admissibility under res gestae:

Time is quite important. Naturally, the more time elapsing, the less chance of a spontaneous reflection on the occurrence. Periods of up to a day have been held not to preclude spontaniety [sic], while other cases have held several minutes to be too long. . . . The feeling is that the factual situation in each instance will set its own pattern of time. *Id.* at 321

Even though from the time that Officer Minch arrived to the time that he went over to the truck and the crowd was within minutes of the accident, this Court is of the opinion that the statements were not spontaneous and were in response to questioning.

Even though there was no "bright line standard" by which to measure the length of a permissible time gap for the number of hours or days that excitement can be said to continue from the stress of a crime, it is clear that the intent of the evidence code is that the State prove that the time was sufficiently short under the facts to fall within the limits of the exception. See *Jano v. State,* 510 So.2d 615 (Fla. 4th DCA 1987). Therefore, because the proper predicate was not established by the State, the testimony of Officer Minch in reference to the crowd pointing to the defendant should not have been admitted.

However, this Court denies Defendant's Motion for New Trial based on the fact that the State did prove that the defendant was the driver of the truck by the defendant's statement to Officer Minch that he was the driver of the truck. The issue in this case then becomes can admissions made to an investigating officer by the defendant, stating that he was the driver, be used to established that the defendant was the driver? The defense argues that such statements are part of the accident report privilege and therefore are inadmissible.

The accident report privilege protects those statements and communications the driver, owner or occupant of a vehicle is compelled to

make in order to comply with his or her statutory duty under Section 316.066(1) and (2), Florida Statutes (1985). An exception to the privilege concerns the identity of the driver. The Statute provides that the Department of Highway Safety and Motor Vehicles may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such a person denies his presence at the accident. See Section 316.066(4), Florida Statute (1985). In *Combs v. State*, 436 So.2d 93 (Fla. 1983), the Supreme Court of Florida permitted a motorist's statements that he was the driver to be admitted as evidence. The Court went on to state that his admissions were not protected by the accident report confidentiality privilege because the statute "specifically provides that the privilege does not extend to statements disclosing the identity of a person involved in an accident." Therefore, because the defendant told Officer Minch that he was the driver of the truck, the State has proved the corpus delicti, and consequently, the Defendant's Motion for a New Trial is denied.

ORDERED AND ADJUDGED in chambers in West Palm Beach, Palm Beach County, Florida this 14th day of October, 1987.