552 So.2d 235 (1989)
George WOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1875.
District Court of Appeal of Florida, Fourth District.
October 25, 1989.
Rehearing Denied December 6, 1989.
Richard L. Jorandby, Public Defender, Louis G. Carres, Asst. Public Defender and Richard Carberry, Certified Legal Intern, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Charles Corces, Jr., Asst. Atty. Gen., Tampa and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant appeals his trafficking in cocaine conviction. He contends the prosecutor improperly commented on his silence at the time of arrest and trial. We agree and remand for a new trial. However, we find appellant did not demonstrate reversible error as to the remaining points raised in his appeal.
*236 During trial, appellant's attorney asked a state witness:
Q. And after the cocaine was found, isn't it true that you did not hear Mr. Wood make any statements?
A. That is correct.
This single question was vital to the defense. Although the appellant contended the cocaine belonged to his travelling companion, if appellant made no statements about the cocaine and the state successfully proved joint possession by circumstantial evidence, there would be no direct proof of appellant's knowledge of the cocaine. See Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). The prosecutor then improperly asked a series of questions[1] about what appellant did or did not say at and after the time of arrest. Cf. Hosper v. State, 513 So.2d 234 (Fla. 3d DCA 1987) (reversible error to comment on failure to offer exculpatory statement). During closing argument, the prosecutor improperly urged the jury to consider appellant's silence as evidence of guilt[2]. We recognize that a prosecutor can fairly respond to defense counsel "opening the door" with comment about a defendant's silence, United States v. Robinson, 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988), but considering the extent and content of the response, we conclude the prosecutor went too far.
Because the jury could have considered appellant's silence in determining that he had knowledge of the cocaine found by them to be jointly possessed, we cannot say the errors were harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
REVERSED AND REMANDED FOR A NEW TRIAL.
DELL, J., concurs.
GUNTHER, J., dissents without opinion.
NOTES
[1] Q. [Prosecutor] Officer Brantley, do you remember Mr. De La Torre [Defense Counsel] asking you whether or not you heard Mr. Wood make any statements after the cocaine was found?

A. That is correct.
Q. And you didn't, did you?
A. No, I didn't.
Q. Among a number of things you didn't hear Mr. Wood ever denying the cocaine was his, true?
A. That is true.
Q. Did he ever say he was shocked at any time after he found the cocaine?
A. He didn't.
Q. Did he ever take you aside and say, oh, my God, I don't know where this came from or anything like that?
A. He didn't.
Q. At any time at all during that entire ten or fifteen minute span, did this man after you whipped out that bag of cocaine, ever say anything to you or in your presence to any other officer to indicate, my God, I don't know where this came from or what were you talking about, anything at all?
A. He didn't.
[2] [Prosecutor] Common sense is your guide, the reactions of this defendant to the finding of the cocaine, the things he didn't say, what does silence tell you? Sometimes more than anything anybody can say to you.

* * * * * *
He in this case, he is his own direct proof a thousand times more convincing than any police officer will ever be because when he didn't speak, he told you more than any police officer who takes the stand and testifies to you for hours ever will . . Listen to what he says ... and you will know whether or not the defendant is guilty.