STONE, Judge.
We reverse the appellant’s conviction on two counts of robbery because argument by the state was susceptible to interpretation as a comment on the defendant’s silence and his decision not to testify.
The subject of the defendant’s Fifth Amendment right was first raised during voir dire. There were questions by the prosecutor concerning a prospective juror’s understanding of the defendant’s right to remain silent, which prompted a motion for mistrial. There was an extensive exchange on the subject between the prospective juror and the court, and a subsequent warning by the court to the state. The subject was again raised during the redirect examination of an officer, when the state, in referring to the defendant, asked: “Did he ever say whether or not he was involved in a robbery?” Following a conference between the court and counsel, the question was not pursued. A motion for mistrial was denied because the officer did not answer the question. We note that there was nothing in the record with respect to anything said at the scene, or in the prior testimony, to prompt this question.
*284 During final argument the prosecutor told the jury an imaginary story about a stop of a hypothetical suspect with the same name as the defendant by an officer named “John Q. Public”. The story recounted a fanciful conversation in which the suspect said “[m]y name is Deviral Bain. You have no right stopping me, I am leaving ...” A motion for a mistrial was denied. The defense also requested a curative instruction but none was given. After a conference with the court, the state dropped this line of argument.
We perceive a substantial risk that the jury might infer, from the unanswered question and the imaginary scenario, that the state was implying that a conversation had occurred as indicated. The question and the argument were improper and prejudicial. They drew the jurors’ attention to the defendant’s exercise of his right to remain silent and his failure to testify, not to mention misleading the jury with respect to what might have been said. It was therefore error to deny a mistrial. E.g., State v. Kinchen, 490 So.2d 21 (Fla.1985); State v. Marshall, 476 So.2d 150 (Fla.1985); Trafficante v. State, 92 So.2d 811 (Fla.1957); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla.1985).
We cannot say, given the tenuous nature of the evidence, that the error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Nor do the appellant’s motions for mistrial appear to be untimely. See State v. Cumbie, 380 So.2d 1031 (Fla.1980). As to the other issue raised, we find no error. See State v. Law, 14 F.L.W. 387 (Fla. July 27, 1989).
DOWNEY and DELL, JJ., concur.