644 So.2d 589 (1994)
Al Leggett BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1751.
District Court of Appeal of Florida, Fourth District.
November 2, 1994.
Rehearing Denied November 21, 1994.
*590 Richard L. Jorandby, Public Defender, Eric M. Cumfer and Margaret Good-Earnest, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Defendant was convicted of sexual battery after a jury trial. He raises a number of issues on appeal. We conclude that an accumulation *591 of three errors in this case require a reversal and a new trial.
Consent was the primary issue in this sexual battery case. Defendant argues that it was error to admit hearsay testimony from a school vice-principal, a teacher, and a police officer as to the details of what the victim [R.B.] recounted when she first reported the crime after arriving at school. Each of the three witnesses testified about the details of the incident given by R.B. after she arrived at school. The hearsay objection was overruled by the trial judge on the basis of the "first complaint" exception to the hearsay rule. In Ellis v. State, 25 Fla. 702, 6 So. 768 (1889), the supreme court first adopted the rule, saying:
"The female outraged should seek the first opportunity to complain, and the fact that she does complain goes to the jury as evidence; but her detailed statement of the circumstances under which she was outraged cannot be given in evidence on the trial of the case by the party to whom she made the statement. Such testimony is hearsay, and it is calculated to confuse and mislead the jury, and is not permissible."
6 So. at 770. As one justice later explained:
"It is well settled that in a rape case the testimony of the prosecutrix or other witness is admissible in corroboration of her testimony to show that shortly after the commission of the alleged offense she made a complaint and when and where and to whom it was made. Such evidence is admissible and is admitted for the purpose of confirming the testimony of the ravished woman and not as proof that the crime was in fact committed, or as evidence of the truth of the facts complained of. Such evidence is merely to rebut the inference of consent that might be drawn from silence."
Custer v. State, 159 Fla. 574, 34 So.2d 100, 106 (1948) (Buford, J., dissenting); see also Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994) (statements to roommates upon arrival home were first opportunity to complain to anyone other than defendant and were thus admissible under first complaint exception); Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992) (state conceded error as to admission under first complaint exception of entire statements made by child victim of sexual battery to mother and police officer); McDonald v. State, 578 So.2d 371, 373 (Fla. 1st DCA) (victim's statement to friend immediately after event admissible under first complaint exception to hearsay rule in sexual battery cases) rev. denied, 587 So.2d 1328 (Fla. 1991); Preston v. State, 470 So.2d 836, 837 (Fla. 2d DCA 1985) (statement by victim shortly after her escape from motor vehicle admissible under first complaint theory); Lyles v. State, 412 So.2d 458, 459 (Fla. 2d DCA 1982) (fact that victim complained at first opportunity admissible to rebut inference of consent); Monarca v. State, 412 So.2d 443, 445 (Fla. 5th DCA 1982) (victim's statement to nurse at hospital admissible under first complaint theory); Charles W. Ehrhardt, Florida Evidence, § 803.1, n. 5 (1993 ed.). Where there has been no lapse of time between the event and the victim's report of the incident, the first complaint exception does not apply because there is no inference of consent to rebut. Conley v. State, 592 So.2d 723, 728 (Fla. 1st DCA 1992).
As we have seen, the first complaint exception allows only the fact of the report of the sexual battery but not the details.[1] Here the trial judge allowed the *592 witnesses to state specific details as originally given by R.B., while at the same time professing to follow Conley, Lyles and Monarca. In Conley, the victim escaped and ran down the street while being chased by her attacker with a rifle in hand. A police officer dispatched to the scene within minutes was allowed under the excited utterance exception to the hearsay rule to testify as to details that the victim told him. In Lyles, a deputy sheriff was allowed to testify about details told to him as a result of his interrogation of a four-year old girl about her molestation in an orange grove. The district court held that such testimony was inadmissible under the first complaint rule.[2] In Monarca, the district court allowed a nurse's testimony to stand in which she recounted spontaneous statements made to her by a rape victim at the hospital moments after she had escaped from her attacker.[3]
The circumstances are different here and in contrast to the foregoing cases. The teacher testified that she found R.B. crying in the hallway after she had been sent to look for her. Apparently a vice-principal and police officer came along at that moment, and the three adults took R.B. to the vice-principal's office where the officer proceeded to question her. Concededly, there is a period of time between the cessation of the event and R.B.'s statements to the three witnesses that would allow the fact of the report of the rape without details to go to the jury. But that same interval of time (45-60 minutes), coupled with her interrogation by the officer and the opportunity for reflection, establishes that the details were not admissible as spontaneous statements or as excited utterances under section 90.803(1) or (2).
Next, defendant challenges the trial court's rulings allowing what he labels "character" evidence. Among others, these include a teacher testifying that R.B. had never showed disrespect to her, and that she was performing up to her potential. Also, R.B. was allowed to testify on redirect that her recent abortion was done with the support of her boyfriend who had continued to stay with her, and that she and her boyfriend were saving money and making plans to get married. The only purpose of this testimony, argues defendant, was to bolster R.B.'s apparent veracity. We agree that some of the teacher's testimony was error and that R.B.'s testimony on redirect went beyond permissible rehabilitation of the witness.
Finally, defendant contends that during closing argument the prosecutor made an impermissible comment on the defendant's right to silence. During cross-examination of defendant, the prosecutor asked him: "[y]ou came with your attorney to trial and now you're saying that this girl consented to sexual intercourse with you, correct?" [e.s.] The court sustained an objection. The prosecutor then asked if defendant had ever told anybody that he was not even in the same town on the day in issue and he answered that he had not. In closing argument during rebuttal, the prosecutor noted that R.B. had picked defendant out of lineup and that later defendant and the state had stipulated on blood test and DNA results. At that point the prosecutor continued:
"So now he knows [before trial] that we have got a DNA match. We have got a live lineup ID, and we have got a photo ID. And he comes in on the day of the trial and says she consented. What else has he got left? I mean, he couldn't attack this. We saved you the pain of about four hours of testimony with the DNA specialist. We didn't get to show you all the pubic hair and dirt, and ." [e.s.]
At that point, defense counsel objected, and the court sustained the objection. Later, the court denied defendant's motion for a mistrial.
It is improper for a prosecutor to make a statement that is "fairly susceptible" of being understood as a comment on a defendant's right to silence under the Fifth *593 Amendment. Dailey v. State, 594 So.2d 254 (Fla. 1991); Bain v. State, 552 So.2d 283 (Fla. 4th DCA 1989). In the same vein, showing that the defendant did not make a statement until his testimony at trial is improper. Sharp v. State, 605 So.2d 146 (Fla. 1st DCA 1992); Wood v. State, 552 So.2d 235 (Fla. 4th DCA 1989); Starr v. State, 518 So.2d 1389, 1391 (Fla. 4th DCA 1988); and Lowry v. State, 468 So.2d 298 (Fla. 4th DCA 1985).
There is no requirement in a sexual battery case that a defendant file a pretrial notice that consent is the defense, as there is when a defendant wants to raise an alibi, a battered spouse, or an insanity defense. See Fla.R.Crim.P. 3.200, 3.201, and 3.216(b). Thus the mere fact that the sexual battery defendant does not say anything about consent until he takes the stand and testifies is constitutionally irrelevant to the substantive issue of guilt or innocence.[4] It is thus improper for the prosecutor to make the kind of comment made here.
As we said at the beginning, it is the accumulation of errors that leads us to a new trial. Any one of the above errors if committed in isolation might have led us in a harmless error analysis to affirm the judgment. The evidence in this case was not one-sided, however, and ultimately the issue turned on the credibility of the complaining witness and the defendant. A review of the transcript leaves us with a settled feeling that the balance may have been tipped by the aggregation of these three errors, and thus defendant did not receive a fair trial.
REVERSED.
GUNTHER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] There is dicta in Monarca that "this technical distinction has relaxed with time and the substance of the prosecutrix' complaint, where it occurred shortly after the crime, has been admitted under the more general exception to the hearsay rule." Monarca, 412 So.2d at 445. We do not agree that this distinction has been relaxed at all. If the testimony is sought to be admitted, as here, under the first complaint rule, then only the fact of the report may be admitted but none of the detailed statements of the complaining witness. If, however, the detailed statements meet the requirements of a spontaneous statement or an excited utterance under section 90.803(1) and (2), unlike here, then those statements may be admitted. When this is done they are not being admitted under the first complaint exception but instead under entirely different exceptions to the hearsay rule. The distinction between the first complaint exception and other exceptions to the hearsay rule should not be blurred by loose and casual references. The shorthand labels we place on them conceal entirely different analytical underpinnings.
[2] The court also held that the testimony was inadmissible under both the spontaneous statement and excited utterance exceptions to the hearsay rule. See § 90.803(1) and (2), Fla. Stat. (1993).
[3] Because the statements were admissible as spontaneous statements under section 90.803(1), the court's analysis under the first complaint exception should be understood as dicta.
[4] We agree with defendant that his lawyer's statement in closing argument ("I told you at the inception that the issue in this case is whether or not there was consent.") did not authorize the state's comment in its rebuttal. The defense lawyer obviously referred to the beginning of trial with the words "at the inception" and not to any statement made by defendant before the start of trial.