756 So.2d 215 (2000)
Johnny RICARDO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4290.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
*216 Johnny Ricardo, Milton, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Johnny Ricardo appeals from an order summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Appellant alleged that his trial counsel rendered ineffective assistance because he failed to object to the prosecutor's comments during closing argument on his post-arrest silence. The state's response to the motion, which was adopted by the trial court, attached excerpts from the trial transcript showing that appellant's testimony and his counsel's closing argument had raised the issue of his post-arrest silence. While the state is usually prohibited from commenting on the defendant's silence, if the defense raises the issue the state may respond. See United States v. Robinson, 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988).
However, the state's response may be objectionable if its "extent and content" goes beyond the scope of a fair comment. See Wood v. State, 552 So.2d 235, 236 (Fla. 4th DCA 1989). We are unable to make that determination on appeal because the record does not include a transcript of the state's closing argument. We therefore in reverse and remand for further proceedings on this allegation only. The denial of relief on the remaining allegations in the motion is affirmed.
Affirmed in part, reversed in part, and remanded.
STONE, GROSS and TAYLOR, JJ., concur.