OWEN, WILLIAM C., Jr., Senior Judge.
Appellant, while on probation, committed a battery on his girlfriend, resulting in revocation of probation and sentencing to state prison on the underlying offense. We affirm the revocation but vacate the sentence and remand for further proceedings.
We find from the record clear evidence to support the court’s finding that appellant had wilfully violated a condition of his probation as charged. Appellant argues here, however, that the court erred in also finding that appellant had wilfully violated a condition of probation for which he was not charged. That issue arises from the fact that the court, after finding that appellant had violated the condition charged in the affidavit, made the passing observation that appellant had violated another condition, i.e., he had violated the “no contact” provision (a violation not charged in the affidavit of violation). The state concedes that the court’s observation in this respect was erroneous since the “no contact” provision in the order of probation was .as to named persons other than the girlfriend. It is apparent that this passing comment, though factually erroneous, did not enter into the court’s previously stated decision to revoke probation, and, therefore, is not a basis for reversal.
Appellant testified at the hearing. Prior to sentencing, defense counsel moved for a competency hearing based, she asserted, on appellant’s in-court testimony.[1] The court, in denying that motion, stated, “I guess they can do that upstate.” We take that response to indicate the court’s view that there was reasonable grounds to believe that the defendant was not mentally competent to proceed and that he may require an evaluation, but that such could be done in prison following sentencing. This is error. See Finkelstein v. State, 574 So.2d 1164 (Fla. 4th DCA 1991). We vacate appellant’s sentence and remand for a competency hearing as provided in Florida Rule of Criminal Procedure 3.210(b).
Revocation affirmed; sentence vacated and remanded.
FARMER and KLEIN, JJ., concur.

. While we acknowledge that the cold record of a person's in-court testimony may not necessarily give a dependable picture of his or her competency, appellant's testimony was somewhat bizarre to say the least.