384 So.2d 956 (1980)
Curtis Louis JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2600/T4-322.
District Court of Appeal of Florida, Fifth District.
June 18, 1980.
Richard L. Jorandby, Public Defender, and Gary S. Israel, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant, Curtis Louis Jones, was found guilty after jury trial of robbery in the second degree per Section 812.13(2)(c), Florida Statutes (1977), a crime designated as a second degree felony. The trial court adjudicated him guilty and deferred sentencing pending receipt of a pre-sentence investigative report. The robbery was committed on August 4, 1978.
The state then filed a notice of intention to seek an enhanced penalty under Section 775.084, Florida Statutes (1977).[1] A sentencing hearing was held on November 7, *957 1978, and evidence was introduced showing that appellant had been supervised on parole from March, 1974, to September, 1975. The state produced copies of the certificates of discharge and parole relating to the prior offense, but no judgment or verdict was offered in evidence to prove the prior conviction, nor were the defendant's fingerprints offered to show identity. However, the parole supervisor, one Randy Amos, testified at the hearing and identified Jones as the man he had supervised. A photograph of Jones from the files of the Department of Corrections also was introduced.
The appellant contends that the absence of fingerprint evidence and a certified copy of the judgment showing his 1971 conviction renders the evidence fatally deficient to support a determination by the trial court that he was an habitual felon. We cannot agree with this contention. The applicable provision of the statute provides for findings based on a preponderance of the evidence,[2] and the state's proof clearly met that burden.
The appellant also contends that the trial court erred in sentencing him as an habitual offender without a specific finding that such was necessary for the protection of the public. This objection was not raised before the trial court and, therefore, is not available to the defendant on this appeal. Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980). See also Clark v. State, 363 So.2d 331 (Fla. 1978) and Engel v. State, 353 So.2d 593 (Fla. 3d DCA 1977).
The appellant also seeks correction of the judgment and sentence to reflect that he did not enter a plea of guilty but was tried by jury, and the state agrees to this.
Finally, the appellant contends that Special Condition 11 of a probationary provision of his sentence is invalid insofar as it authorizes any law enforcement officer at any time to search his person, vehicle or premises, which is contrary to Grubbs v. State, 373 So.2d 905 (Fla. 1979). We agree, and reverse this portion of the sentence.
Accordingly, we affirm the judgment and sentence entered by the trial court, with the exception of the incorrect reference to a plea therein and the aforesaid invalid probationary provision, and remand the cause to the trial court for correction of said judgment and sentence in accordance with this opinion. The defendant need not be present.
FRANK D. UPCHURCH, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] See Eutsey v. State, 383 So.2d 219 (Fla. 1980).
[2] Section 775.084(3)(d), Florida Statutes (1977), reads: "Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings."