COBB, Judge.
Appellant was charged with possession of heroin,[1] possession of heroin with intent to sell,[2] and sale of heroin.[3] All three counts arose from the same transaction of the same heroin. Appellant was tried and timely objected to the testimony of one of the state’s witnesses as a violation of the Williams Rule.[4] Appellant was convicted of all three counts.[5]
The state sought an enhanced penalty pursuant to the habitual offender statute.[6] Without setting forth any statutory findings,[7] the trial court sentenced the appellant to an extended term which included a period of probation following the imprisonment. One of the conditions of that probation authorized any probation supervisor and any law enforcement officer to search the appellant, his vehicles, and his premises at any time.[8]
The testimony that was objected to as a Williams Rule violation was that the appellant had told the state witness that the appellant lived in Miami and came to Titus-ville to sell heroin and that while in Titus-ville he stayed at the apartment where the sale was supposed to have occurred. We do not think this testimony contravened Williams.
The other issues raised by this appeal have never been presented to the trial court to give the trial court an opportunity to rule upon them. Based upon the principles set forth in Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980); Engel v. State, 353 So.2d 593 (Fla. 3d DCA 1978); and Noble v. State, 338 So.2d 904 (Fla. 1st DCA 1976), we affirm the judgments and sentences without prejudice to the appellant to properly raise the issues before the trial court.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.

. Section 893.13(l)(a)(l), Florida Statutes (1977).

. Section 893.13(l)(a)(l), Florida Statutes (1977).

. Section 893.13(l)(e), Florida Statutes (1977).

. Williams v. State, 110 So.2d 654 (Fla. 1959).

. See Wright v. State, 348 So.2d 633 (Fla. 3d DCA 1977) and Shaw v. State, 264 So.2d 95 (Fla. 1st DCA 1972).

. Section 775.084, Florida Statutes (1977).

. See Eutsey v. State, 383 So.2d 219 (Fla. 1980) and Bell v. State, 382 So.2d 107 (Fla. 5th DCA 1980).

. See Grubbs v. State, 373 So.2d 905 (Fla. 1979) and Wood v. State, 378 So.2d 110 (Fla. 5th DCA 1980).