388 So.2d 349 (1980)
Kerry BARLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 00-239/T1-116.
District Court of Appeal of Florida, Fifth District.
October 1, 1980.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant, Kerry Barlow, was convicted after jury trial of two counts of battery. He was placed on two years probation. On appeal he challenges the sufficiency of the evidence to support the convictions, as well as a condition of probation requiring restitution as directed by the probation officer. The written order of probation was in error, as conceded by the state, in imposing a single two-year probationary period on appellant for the two separate counts of battery (two victims having been involved in the physical altercation), rather than imposing two consecutive one-year probationary periods in conformity with the *350 oral announcement of the trial court at the time of sentencing.
The evidence at trial indicated that Barlow, who was eighteen, became involved in a fracas with two older men, aged seventythree and sixty-two respectively, in a park in Ocala. Barlow's father, William Barlow, wielding a "pipe-like instrument," interceded to help him. The victims suffered a broken nose and fractured dentures.
There was evidence which, if believed by the jury, indicated that Kerry Barlow kicked and struck the victims and that he instigated the incident. Although there was contrary evidence submitted by the defendant's own testimony, there was sufficient evidence to sustain the convictions. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976).
The appellant challenges condition No. 9 of the probation order which provides:
You will pay 1/2 of the total restitution to the victims as directed by your Probation Officer.
There was a corresponding requirement in the probation order concerning the co-defendant, appellant's father.
The appellant contends that the trial court must give notice of the proposed restitution and afford an opportunity to a defendant to be heard as to the amount, and that the court cannot delegate its responsibility for determining the amount and schedule of restitution to the probation officer. The state, although conceding that extant authority in Florida supports appellant's substantive contention in regard to notice and delegation of authority, notes that these objections have never been presented to the trial court.
In Fresneda v. State, 347 So.2d 1021 (Fla. 1977), the Florida Supreme Court held that a condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime must be predicated by notice to, and the opportunity to be heard by, the defendant so that he may challenge the amount, presumably in regard to reasonableness as well as causal relationship to his offense. The court also noted that section 948.03(1)(g), Florida Statutes, requires the "amount to be determined by the court."
In Fresneda, however, there was a motion directed to the trial court to correct an illegal sentence. That was not done in the instant case. See Pope v. State, 368 So.2d 676 (Fla. 1st DCA 1979). We believe that objections to trial court sentences, such as appellant raises here, first should be raised before the trial court. See Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980) and Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980).
The state concedes that the order of probation should be modified to conform to the oral ruling of the trial court at sentencing which placed appellant on two consecutive one-year probationary periods. See McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979).
Accordingly, the judgment and sentence of the trial court are affirmed, with the exception that the incorrect single two-year probationary sentence is amended to the appropriate two one-year sentences. This action is without prejudice to appropriate post-conviction relief which may be sought by appellant in the trial court in regard to the issue of restitution.
AFFIRMED as modified.
DAUKSCH, C.J., and SHARP, J., concur.