FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from an order withholding adjudication of guilt, which among other provisions, required him to serve two years probation and to make restitution to the victims of his assault.
Appellant first contends thjit the order sentencing him to two years probation was incorrect because the court had announced that the probation would be comprised of two consecutive one year terms. The state concedes that appellant’s position is correct. We therefore remand for correction of the order of probation. See McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979).
Appellant also contends that condition nine of the order requiring him to pay one-half of the total restitution to the victims was incorrect. We disagree and affirm.
In Fresneda v. State, 347 So.2d 1021 (Fla.1977), the Florida Supreme Court held that a condition of probation requiring a probationer to pay money to the victim of his crime must be predicated by notice and the opportunity to be heard so that the defendant may challenge the amount, presumably in regard to reasonableness as well as the causal relationship to his offense. The court also noted that the section providing for the terms and conditions of probation requires that the amount of restitution be determined by the court.
In Fresneda, however, there was a motion directed to the trial court to correct an illegal sentence. That was not done in the instant case. See Pope v. State, 368 So.2d 676 (Fla. 1st DCA 1979). Objections to trial court sentences such as appellant raises here should be raised first before the trial court. See Jones v. State, 384 So.2d 956 (Fla. 5th. DCA 1980), and Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980).
We remand to the trial court for correction of the order to conform to the oral announcement of the court that appellant would be required to serve two consecutive one year probationary terms.
AFFIRMED in part; REVERSED and REMANDED in part.
DAUKSCH, C. J., and ORFINGER J., concur.