COBB, Judge.
The appellant, J. B. Thomas, Jr., was convicted after jury trial of kidnapping, sexual battery and robbery. His first point on appeal is the claim that the prosecutor improperly injected a racial slur into the trial, wherein a black man was accused of raping a white woman, by making the following closing argument:
Remember I asked Mr. Porter which way is Cape Canaveral — that’s north. But the defense wants you to believe she went out of her way south to give him a lift and ultimately engage in consensual intercourse with him, and she’s been up all this period of time on her feet all this day. He wants you to believe because he says that’s reasonable. I submit to you that is most unreasonable.
You can consider all the evidence. The trial has to be held in public, everything has to be done face to face so you can see and because that is a very great part of this case. Is it reasonable to believe that Debby Sue Clark, under any circumstances and, in particular, these circumstances, would consent to sexual intercourse with that (indicating)?
Defense counsel immediately said: “Objection, Your Honor. I have a motion to make.” The trial court overruled the objection, whereupon defense counsel inquired: “Can I make the motion after the jury is excused?” This request was denied by the court. Consequently, the motion (presumably a motion for mistrial was intended) was never made, then or later. Therefore, the objection was waived and any error, other than fundamental error, cannot be reviewed on this appeal. Clark v. State, 363 So.2d 331 (Fla.1978). See also State v. Cumbie, 380 So.2d 1031 (Fla.1980); Castor v. State, 365 So.2d 701 (Fla.1978). The question, then, is whether or not the prosecutorial comment, omitting the object noun or pronoun following the adjective “that,” constitutes fundamental error.
The defendant contends that the implications of the comment are so inflammatory and abusive as to deny him a fair trial. The state responds that the comment made no prohibited reference to race, but rather referred to trial evidence of disparate lifestyles, social standings and dress between the defendant and the victim, thereby rebutting the defense claim of a voluntary sexual relationship. In point of fact, such evidence was adduced at trial. Other than the statement quoted above, there is no suggestion of any racial allusion occurring during the remainder of the trial.
Given this ambivalent record, an appellate court should not conjecture as to a prejudicial effect upon the jury reaching fundamental error dimensions. See Sullivan v. State, 303 So.2d 632 (Fla.1974). This prejudice is not clear from the record and apparently was not discernible at all to the trial judge.
Appellant’s second point on appeal is that the trial court erred in refusing to instruct the jury on penalties. The trial judge originally agreed to comply with the request of *550 defense counsel to instruct on minimum and maximum penalties. On objection and argument by the state, the trial judge reconsidered and declined to give the requested instruction. There was no timely or specific objection to this declination by the trial court, although defense counsel did raise the issue in a motion for new trial.
In Tascano v. State, 393 So.2d 540 (Fla. 1980), the Florida Supreme Court held that Florida Rule of Criminal Procedure 3.390(a) is mandatory, not merely directory. A rehearing in Tascano is pending. We follow Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), and Florida Rule of Criminal Procedure 3.390(d).[1] The appellant, Thomas, made no specific or timely objection to the trial court’s failure to give penalty instructions. Therefore, he did not preserve the issue for appeal. See also Castor v. State; Engel v. State, 353 So.2d 593 (Fla. 3d DCA 1978).
The appellant also seeks to challenge on appeal the imposition of an enhanced sentence by the trial court. Although the trial court made the requisite record finding required by statute in regard to protection of the public, the appellant objects that the specific factors enumerated in Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979), were not specifically found by the trial court.[2] This objection, however, was not raised before the trial court and, therefore, is not available to the defendant on this appeal. Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980).
Appellant’s last point is that the trial court imposed a general sentence (40 years) for multiple convictions, contrary to Gonzalez v. State, 367 So.2d 1008 (Fla.1979), and Dorfman v. State, 351 So.2d 954 (Fla. 1977). This error is conceded by the state. Therefore, the general sentence of forty years for the three separate convictions is vacated, and this cause remanded for resen-tencing in accordance with Dorfman, with the defendant present. The judgment of guilt is affirmed.
VACATED in part; AFFIRMED in part; and remanded.
ORFINGER, J., concurs.
DAUKSCH, C. J., dissents with opinion.

. Rule 3.390(d) reads:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.

. The requirements of section 775.084(3)(d), Florida Statutes (1977), are discussed in Eutsey v. State, 383 So.2d 219 (Fla. 1980).