394 So.2d 407 (1980)
Johnny Lee SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 58607.
Supreme Court of Florida.
November 20, 1980.
As Revised on Denial of Rehearing March 17, 1981.
Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This is a petition for certiorari to review the Fifth District Court of Appeal's decision reported as Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980), where the court approved Florida Standard Jury Instruction, Criminal Cases, 2.07, concerning petitioner's unexplained possession of recently stolen property. The District Court of Appeal determined that its holding was in accordance with this Court's decision in State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), but noted that its decision conflicted with the First District Court of Appeal's holding in Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (prior to April 1, 1980).
The instant record reflects that petitioner made no attempt to explain his possession of the stolen property at the time of his arrest. Petitioner contends that instruction 2.07 violates his fifth amendment right to remain silent. We answered this exact question in State v. Young and held that the instruction was proper. We reaffirm our holding in State v. Young which is in accord with the United States Supreme Court decisions on the same issue. Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).
We resolve the conflict by disapproving the First District's holding in Palmer v. State and approving the opinion of the Fifth District in the instant case.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.