400 So.2d 838 (1981)
Kevin Jay DUNMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-981.
District Court of Appeal of Florida, Fifth District.
July 8, 1981.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Edward M. Chew, and Barbara A. Butler, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
Pursuant to section 39.04(2)(e)(4), Florida Statutes (1979), Dunman was charged by an information with burglary of a dwelling and grand theft, second degree. At the time of his trial in the "adult" court, Dunman was sixteen years old. The jury convicted him of both offenses and the trial judge immediately adjudicated and sentenced him to consecutive terms of twelve years for the burglary and five years for grand theft. Dunman contends that the trial judge erred because prior to sentencing he did not order a pre-sentence investigation pursuant to Florida Rule of Criminal *839 Procedure 3.710 and he also failed to follow the sentencing procedure mandated by section 39.111(6), Florida Statutes (1979).
These points were not raised before the trial court. They concern procedural errors which are not fundamental; therefore, they cannot be raised for the first time on appeal. Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980), cert. denied, 392 So.2d 1375 (Fla. 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980), approved, 394 So.2d 407 (Fla. 1980); cf. Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Accordingly, the judgment and sentence of appellant are affirmed without prejudice to his right to seek appropriate relief, e.g., by Florida Rule of Criminal Procedure 3.850. See Smith, supra.
AFFIRMED.
COBB, SHARP and COWART, JJ., concur.