401 So.2d 894 (1981)
David Richard RUBASKY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1291.
District Court of Appeal of Florida, Fifth District.
July 22, 1981.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
In this timely appeal of a criminal judgment and sentence, the sixteen (16) year old appellant charges error in the electronic media coverage of his trial, the denial of his motion to suppress his confession, and the imposition of adult sanctions. We disagree with all three arguments and affirm the judgment and sentence.
Appellant was charged by indictment for the offenses of attempted first degree murder and involuntary sexual battery. The jury found him guilty of both offenses. The trial court adjudicated appellant and subsequently sentenced him to imprisonment for nineteen (19) years for attempted first degree murder and thirty (30) years for involuntary sexual battery, both terms to be served consecutively and with credit for time previously served.
Appellant expressly reserved the issue of electronic media coverage of his trial in the event that the United States Supreme Court reversed Chandler v. State, 376 So.2d 1157 (Fla. 1979). However, appellee correctly notes that on January 26, 1981, the Supreme Court affirmed the Chandler decision. Chandler v. Florida, ___ U.S. ___, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981). Therefore, appellant's first argument is moot.
Prior to trial appellant moved to suppress a confession he made after being advised of his constitutional rights at a juvenile detention center. The trial court denied the motion and overruled appellant's renewed objection after determining that the totality of the circumstances showed appellant voluntarily waived his right to remain silent and to consult an attorney. Although the tape and transcript of the interrogation and confession were not included in the appellate record, the trial court's determination is supported by competent evidence in the transcript of the suppression hearing and we reject appellant's second argument. See State v. F.E.J., 399 So.2d 47 (Fla. 5th DCA 1981).
Appellant also argues that his sentence is an adult sanction imposed without *895 consideration of the criteria included in section 39.111(6)(c), Florida Statutes (1979). However, appellant did not raise this objection before the trial court and therefore we will not consider the merits of this procedural question.[1]See Jones v. State, 384 So.2d 956 (Fla. 5th DCA), cert. denied, 392 So.2d 1375 (Fla. 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA), approved, 394 So.2d 407 (Fla. 1980). Accordingly the judgment and sentence are affirmed without prejudice to appellant's right to seek appropriate relief, e.g., through Florida Rule of Criminal Procedure 3.850. See Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981); Smith v. State, supra.
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] Other appellate courts are divided on the issue of applying the sentencing procedures in section 39.111, Florida Statutes (1979) to juveniles who have been charged by indictment. See Stancil v. State, No. 80-2008 (Fla. 2d DCA May 27, 1981); Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980); Schroeder v. State, 391 So.2d 260 (Fla. 4th DCA 1980); Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980). This question has been certified by the First District Court, Goodson v. State, No. 59,864 (Fla., filed Oct. 27, 1980), and was argued before the Florida Supreme Court on March 4, 1981.