SHARP, Judge.
Appellants Harvey and Irvin were charged by informations with burglary. Harvey was also charged with battery on a law enforcement officer. The cases were consolidated for trial. The jury returned a verdict of guilty of attempted burglary against Irvin and verdicts of guilty of attempted burglary and simple assault against Harvey. At the time appellants were charged with the offense they were both juveniles.
*580 Irvin contends that his motion for judgment of acquittal should have been granted because the evidence was insufficient to uphold his conviction. We hold the evidence was sufficient to find Irvin guilty of burglary and affirm his conviction and sentence.
Harvey urges as error the trial judge’s failure to consider the criteria set forth in section 39.111(6)(c), Florida Statutes (1979), before imposing adult sanctions. These points were not raised before the trial court. They concern procedural errors which are not fundamental; therefore, they cannot be raised for the first time on appeal. Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981); Jones v. State, 384 So.2d 956 (Fla. 5th DCA), cert. denied, 392 So.2d 1375 (Fla.1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA), approved, 394 So.2d 407 (Fla.1980). Accordingly, the judgment and sentence of Harvey are affirmed without prejudice to his right to seek appropriate relief, e.g., through Florida Rule of Criminal Procedure 3.850. See Smith v. State, 378 So.2d 313 (Fla. 5th DCA), approved, 394 So.2d 407 (Fla.1980).
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.