411 So.2d 1367 (1982)
Kenneth T. GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-120.
District Court of Appeal of Florida, Fifth District.
April 7, 1982.
James B. Gibson, Public Defender, and Thomas R. Mott, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
In this appeal from a judgment of conviction for one count of aggravated assault and two counts of armed robbery, appellant contends that because he was only seventeen years of age when these crimes were committed, the trial court could not impose adult sanctions without strictly complying with the procedures outlined in section 39.111(6), Florida Statutes (1979). We affirm.
Appellant was sentenced to two thirty-year concurrent sentences of imprisonment for the armed robberies, and a consecutive five-year sentence for the aggravated assault. Jurisdiction was retained for the first one-third of the thirty-year sentence, pursuant to section 947.16(3), Florida Statutes (1979), and a written order was entered justifying this action.[1] The trial court received and considered a pre-disposition report. It considered and rejected a request that appellant be sentenced as a youthful offender because of appellant's prior record, but it did not enter a written order making the findings of fact required by section 39.111(6)(d) and (j).
There was no objection made below to the court's imposing an adult penalty, nor to the absence of a written order; thus, this case falls squarely within the ambit of Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA 1981) and Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981).
In the record before us, the only objection made by appellant was to the retention of jurisdiction by the trial court. There was no assertion to the trial court that it had failed to consider the criteria of section 39.111(6)(c), nor was there any objection made to the absence of the written order required by section 39.111(6)(d), and these issues are raised for the first time on appeal. The error complained of is procedural, not fundamental. It does not affect the validity of the sentence, only the procedure required to be followed before imposing such sentence. Therefore, the failure to strictly comply with that statute must be first objected to at the trial level and cannot be raised for the first time on appeal. Rubasky, Dunman.
*1368 The only factors argued to the trial court prior to sentencing had to do with appellant's request that the court sentence him as a youthful offender under section 958.05, Florida Statutes (1979), but it was apparently agreed by all parties that appellant's prior commitments did not entitle him to mandatory classification as a youthful offender under section 958.04(2), although the trial court had discretion to classify him as such under section 958.04(3). Appellant urged the trial court to consider him for this treatment, but this request was rejected.
The judgments of conviction and the sentences are each, severally,
AFFIRMED.
DAUKSCH, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The court below sentenced a juvenile in the adult criminal system as an adult, rather than as a juvenile, without complying with the mandatory language of section 39.111(6), Florida Statutes. The majority holds this is a harmless kind of error that can be waived by the defendant's failure to make a timely objection. I dissent in this case because section 39.111(6) explicitly requires a court to follow all of the procedure outlined in the statute before imposing an adult sentence on a juvenile.[1]
Pursuant to the statute, the judge ordered and considered a predisposition report by the Department of Youth Services,[2] and the child, his parent and attorney were allowed to speak about the court's possible sentence prior to the court's pronouncing sentence.[3] They asked the court to sentence the defendant as a child or youthful offender. The court declined to do so, based on Glenn's prior record and the recommendations of the Department of Youth Services. In discussing its decision, the court verbally touched on some, but not all, of the criteria set forth in section 39.111(6)(c), and it failed to make any written findings of fact as mandated by section 39.111(6)(d) and (j).[4] The juvenile's attorney did not make reference to section 39.111 specifically, but he called to the court's attention repeatedly his client's age  seventeen. He also did not object to the absence of a written order at the sentencing hearing, but as a matter of practicality, this may be an unrealistic requirement since counsel at that stage does not know for sure what the written sentence may be, and a written order pursuant to section 39.111 may indeed be subsequently filed.
Section 39.111(6) is unusual in that the Legislature has stated with the most forceful kind of language its intent that the outlined procedure must be followed. Section (d) provides:
Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14. (Emphasis supplied).
Section (j) adds for good measure:
It is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory and that a determination of disposition pursuant to this subsection is subject to the right of the child to appellate review pursuant to s. 39.14. (Emphasis supplied).
Where this procedure has not been followed, the appellate courts have vacated the sentences and remanded the proceedings to the trial court for resentencing. *1369 Bunch v. State, 399 So.2d 471 (Fla. 2d DCA 1981); Murray v. State, 382 So.2d 765 (Fla. 2d DCA 1980); Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979); Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979). Even where no objection was made in the trial court, our sister court has held the sentences invalid for failure to comply with section 39.111. See G.D.W. v. State, 395 So.2d 638 (Fla. 2d DCA 1981); Eady v. State, 388 So.2d 9 (Fla. 2d DCA 1980).
In Rubasky, 401 So.2d 894 (Fla. 5th DCA 1981), we held the defendant could not argue for the first time on appeal non-compliance with section 39.111(6), where at sentencing the age of the defendant and possible sentencing as a child was not brought to the attention of the trial court. See also Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981). In the instant case, these factors were argued prior to sentencing at the sentencing hearing and the trial court faithfully complied with some but not all of the steps outlined in section 39.111(6).
Even in Rubasky and Dunman we recognized the illegality of the sentences imposed because of failure to comply with section 39.111 by stating that the appellants were without prejudice to apply to the trial court for relief pursuant to Florida Rule of Criminal Procedure 3.850. This is consistent with our views in Pendarvis v. State, 400 So.2d 494 (Fla. 5th DCA 1981) where we said:
Ordinarily, the failure to comply with this section [39.111(6)] would cause us to reverse the sentence and remand the matter for resentencing. But here it is clear from the record the sentence was the result of a plea bargaining process agreed to by the parties and the judge and clearly not an otherwise illegal sentence. Of course, appellant did not object below.
Id. at 495.
In this case I think the appellant sufficiently raised his juvenile status at the sentencing hearing to preserve his objections for appeal, and accordingly I would reverse the sentence and remand the cause for resentencing pursuant to section 39.111. At the least, the refusal of this court to consider these points on appeal should be without prejudice to seek relief through a Rule 3.850 motion. Rubasky; Dunman.
NOTES
[1] The court's written order, filed after imposing the sentence, said Glenn was "clearly a menace to society," "dangerous," and with a "propensity to violence." It noted his felony convictions totaled seven; said it detected in Glenn "no remorse"; and declared it felt Glenn would continue his criminal pattern if allowed to do so.
[1] This section applies whether the child is directly filed against by the State or is transferred from the juvenile to the adult court. See Goodson v. State, 403 So.2d 1337 (Fla. 1981).
[2] § 39.111(6)(a), Fla. Stat. (1979).
[3] § 39.111(6)(b), Fla. Stat. (1979).
[4] See § 958.04, Fla. Stat. (1979). The written order entered pursuant to section 947.16(3), Florida Statutes also failed to touch on all of the criteria set forth in section 39.111(6)(c), and it was obviously done after and not before any other "determination of disposition."