414 So.2d 509 (1982)
Sherry Nathaniel WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 58704.
Supreme Court of Florida.
May 13, 1982.
*510 Louis O. Frost, Jr., Public Defender and Charles M. Johnston, Asst. Public Defender, Jacksonville, for petitioner.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for respondent.
ADKINS, Justice.
This case tests the constitutionality of section 947.16(3), Florida Statutes (Supp. 1978).[1] It also asks us to decide whether trial counsel properly raised and preserved his objections for appeal.
Williams pleaded guilty to second-degree murder, and the trial judge sentenced him to prison for ninety-nine years. Pursuant to section 947.16(3), the judge retained jurisdiction to review any parole release order issued during the first thirty-three years of petitioner's confinement. Petitioner challenged the constitutionality of the statute at the sentencing hearing, but the First District Court of Appeal refused to consider the issue, ruling that the absence of a specific objection precluded its review. Williams v. State, 378 So.2d 837 (Fla. 1st DCA 1979).
Petitioner first maintains that section 947.16(3) is an ex post facto law as *511 applied to him. The offense for which he was charged occurred on March 29, 1978. The statute did not become effective until June 19, 1978. We recently settled this issue in State v. Williams, 397 So.2d 663 (Fla. 1981). In Williams, we held that the retention of jurisdiction by a trial judge and denial of release through gain time constituted an ex post facto application of the law when the crime was committed prior to the statute's effective date. Under this authority, we agree with petitioner's contention.
Petitioner's procedural question focuses on whether his counsel preserved his objections to the invocation of section 947.16(3) by properly presenting them to the trial judge. We hold that he did.
At the sentencing hearing, petitioner's attorney objected several times to the order retaining jurisdiction. In the first objection, he stated:
I would like the opportunity to be heard at some greater length on another occasion relating to this motion, I suppose it is, before the Court relating to the retaining of jurisdiction. We're here for the purpose of imposing sentence at this time, and I certainly believe there are serious Constitutional questions relating to the statute, and I think there are serious questions relating to the applicability in this instance. I think moreover there is a question as to whether or not that statute was in effect at such time that it can be applied in this case.

(T. 33 emphasis supplied). The court, in response, announced its intention to invoke section 947.16(3) while recognizing counsel's objections.
The Court will invoke the provisions of Chapter 783.18, Laws of Florida, which has been codified in the Florida Statutes as Section 947.16 as amended, Subsection 2, subject to, of course, or with the understanding that counsel for the defendant has already interposed an objection to such invocation of that provision. Of course, there are procedures that can be invoked in order to raise those objections, and the Court intends to invoke that provision.
(T. 38-39).
After petitioner's sentence was announced, his attorney once again called attention to the constitutional questions he initially raised.
As far as the invocation of the Florida Statute, apparently recently passed, with the Court retaining jurisdiction, counsel for the State advised me of this approximately ten minutes before we came in before the Court, and as such I was certainly not in the position to explore the factual basis for it; however, I would object to the Court making findings for the invocation therefor without a full evidentiary hearing and the opportunity to present both sides of the question of whether or not it is appropriate in this case to invoke that particular section of the statute. I would couple it with the previous objections to the Constitutional grounds, both generally and as applied in this instance.
(T. 41-42). The court disagreed with counsel's argument, but "duly noted" his objections. It then concluded the proceeding by informing petitioner of his right to appeal.
We begin by considering a few long-standing propositions. In general, an appellate court may review only those questions properly presented to the trial court. Mariani v. Schleman, 94 So.2d 829 (Fla. 1957). Proper presentation requires a contemporaneous objection. Castor v. State, 365 So.2d 701 (Fla. 1978). Under the test established in Castor, an objection must be specific enough "to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." Id. at 703.
The record in this case shows that the Castor test was met. Granted, the general references to the constitutional invalidity of the statute were insufficient by themselves to preserve this point on appeal. But notice of a challenge against the retroactive application of the statute was clearly given. Trial counsel did not specifically cite to the prohibition against ex post facto laws *512 as the basis for his legal argument. But magic words are not needed to make a proper objection. His articulated concern with whether the effective date of section 947.16(3) permitted the statute's application to petitioner's case was sufficiently specific to inform the trial judge of the alleged error. The trial judge, noting the objection and having the opportunity to cure any error, ruled against petitioner by issuing the order retaining jurisdiction. Under the facts of this case, we find the purported error was properly raised in the trial court. Accordingly, we quash the opinion of the district court and remand the cause with instructions to quash the "Order Retaining Jurisdiction Pursuant To Chapter 78-318, Laws of Florida" entered by the trial court.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Section 947.16(3) reads:

"[p]ersons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that in any case of a person convicted of murder ..., at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed."