415 So.2d 132 (1982)
Ronald Collier GASKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-701.
District Court of Appeal of Florida, Fifth District.
June 16, 1982.
James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Leonard R. Ross, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty., Gen., Daytona Beach, for appellee.
*133 COBB, Judge.
The appellant, Ronald Collier Gaskins, appeals from a judgment of conviction and life sentence for robbery with a deadly weapon. He first contends that he should have been discharged because of speedy trial violations, which contention is predicated on the proposition that placing a detainer upon a defendant already in custody for one offense precipitates the running of the speedy trial period for the second offense giving rise to the detainer. This is clearly contrary to Florida law. State v. Bassham, 352 So.2d 55 (Fla. 1977); Cameron v. State, 376 So.2d 248 (Fla. 5th DCA 1979).
The main thrust of the appeal is the argument that a trial judge cannot retain jurisdiction over "the first third of the maximum sentence imposed" under section 947.16(3), Florida Statutes (1979), when that sentence is life, because the period of retention cannot be calculated. However interesting this point may be, it was not preserved below for this appeal. The only objection to the sentence was that the trial court, at the time of imposition, was not aware of the defendant's prior record, a point not raised by this appeal.
The question of the validity of retaining jurisdiction of the first third of a sentence was never presented to the trial court, either by way of objection at the time of sentence or by way of an appropriate post-trial motion pursuant to Florida Rule of Criminal Procedure 3.800. Objections to trial court sentences, as we previously have held, first should be raised before the trial court. Barlow v. State, 388 So.2d 349 (Fla. 5th DCA 1980); Jones v. State, 384 So.2d 956 (Fla. 5th DCA), review denied, 392 So.2d 1375 (Fla. 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA), approved, 394 So.2d 407 (Fla. 1980).
Accordingly, the judgment below is
AFFIRMED.
ORFINGER J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I would consider the merits of appellant's point and hold that the statute providing for retention of jurisdiction over parole releases is applicable to all convictions of robbery without regard to whether the sentence imposed is for a specific term or for life and that we need not now decide the consequences of a retention of jurisdiction under the statute as to a life sentence. Therefore, I concur only in the result of the majority opinion.