452 So.2d 95 (1984)
Joseph WESTON, Appellant,
v.
STATE of Florida, Appellee.
No. AS-470.
District Court of Appeal of Florida, First District.
May 31, 1984.
Michael Allen, Public Defender, and Charlene V. Edwards, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen. for appellee.
NIMMONS, Judge.
Appellant was convicted of grand theft of merchandise from a department store. He complains that the trial court erred in overruling his objections to the state's eliciting from the arresting officer the fact that Weston gave him a false name, "James Dotson," when the officer apprehended him across the street from the store ten minutes after Weston fled the scene. Appellant claims that such testimony was an impermissible and prejudicial use at trial of an "alias." We disagree. Clearly, the state was entitled to present this testimony as evidence of a consciousness of guilt of the offense which had just been committed. Cf. Brown v. State, 391 So.2d 729 (Fla. 3rd DCA 1980); Finlay v. State, 424 So.2d 967 (Fla. 3rd DCA 1983).
The defendant also claims that the trial court failed to make the requisite findings in connection with his sentence to an extended term under the habitual offender law, Section 775.084, Florida Statutes (1981). With this contention we agree. In order for a defendant to be sentenced to an extended term under this law, the sentencing *96 court must make findings of fact, stated on the record in open court if not in writing, showing on their face that an extended term is necessary for the protection of the public from further criminal activity of the defendant. Section 775.084(3)(d); Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979); Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976). The trial judge made no such findings. He merely stated, upon imposing sentence, his conclusion that an extended term was necessary for the protection of the public from further criminal activity by the defendant. A sevenyear term was imposed, two years of which was an enhanced penalty over and above the statutory maximum for second degree grand theft.
The state contends that since the defendant's attorney did not make an objection in the trial court to the court's failure to make the requisite findings, the defendant is precluded from raising the issue on appeal. Inasmuch as we have not long ago so ruled in a similar case, Walker v. State, 442 So.2d 977 (Fla. 1st DCA 1983), we would ordinarily accept the state's position. However, the Florida Supreme Court has recently issued its opinion in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), which we feel is controlling and dictates a contrary result.
In Rhoden, the trial court sentenced the juvenile defendant as an adult without making the findings required by Section 39.111(6), Florida Statutes (1981), which sets forth the criteria pertaining to the suitability of adult sanctions. Section 39.111(6)(d) requires the court to render written findings of fact and the reasons for the decision to impose an adult sentence. In Rhoden, after imposition of sentence, defense counsel, as in the case sub judice, did not interpose an objection to the court's failure to make the requisite findings of fact. The Supreme Court rejected the state's contention that Rhoden's failure to object precluded him from asserting such error on appeal. The Supreme Court stated:
Further, with regard to the respondent's failure to contemporaneously object to the trial judge's failure to follow the statute in sentencing respondent, we agree with the reasoning of Judge Sharp in her dissent in Glenn v. State [411 So.2d 1367 (Fla. 5th DCA 1982)]. Judge Sharp pointed out that it is difficult, if not impossible, for counsel to contemporaneously object to the absence of a written order at the sentencing hearing "since counsel at that stage does not know for sure what the written sentence may be, and a written order pursuant to section 39.111 may indeed be subsequently filed" 411 So.2d at 1368. The contemporaneous objection rule, which the state seeks to apply here to prevent respondent from seeking review of his sentence, was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors. See Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Clark v. State, 363 So.2d 331 (Fla. 1978). The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state's argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
State v. Rhoden, supra at p. 1016.
Section 39.111(6)(d), with which the Rhoden case dealt, specifically provides for the *97 right of appellate review of the trial court's determination to impose an adult sentence. Similarly, Section 775.084(3)(d) provides for appellate review of the court's decision to impose an extended term upon an habitual offender.
The fact that Section 39.111(6) findings must be in writing whereas Section 775.084 findings may be stated on the record in open court if not made in writing, Eutsey v. State, supra at p. 226, is not a basis for any meaningful distinction between Rhoden and the instant case, particularly in view of the rationale articulated in the Rhoden opinion for not requiring an objection in the trial court as a prerequisite to appellate review.
We, therefore, affirm the judgment of guilt but reverse the sentence insofar as the extended term imposed under the habitual offender law and remand for reconsideration of the imposition of an extended term in compliance with the provisions of Section 775.084 and this opinion.
Affirmed in part and Reversed in part and Remanded.
THOMPSON and BARFIELD, JJ., concur.