460 So.2d 915 (1984)
Randall Wayne WALCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1083.
District Court of Appeal of Florida, Fifth District.
November 15, 1984.
Rehearing Denied December 26, 1984.
*916 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant was convicted of burglary of a structure and appeals that conviction. In addition to questioning the correctness of the trial court's ruling on a motion to suppress his confession, defendant also questions the propriety of the trial court's retention of jurisdiction over the first half of his sentence.
There was substantial competent evidence to sustain the trial court's finding that defendant's confession was freely and voluntarily made, after he had been fully advised of his rights, so we will not disturb that finding. Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA 1981).
The court did err, however, in retaining jurisdiction over defendant's sentence. Section 947.16(3), Florida Statutes (1983) permits the retention of jurisdiction in sentences for certain enumerated offenses, among which is the offense of burglary of a structure or conveyance in which a human being is present (a second degree felony). The charging document did not allege that a human being was present in the structure, and defendant was not convicted of that offense. Instead, defendant was charged with and convicted of burglary of a structure, a third degree felony. Section 810.02(3), Florida Statutes (1983). Consequently, there is no statutory basis for the retention of jurisdiction here, and that portion of the sentence must be set aside.
The State contends, however, that there was no objection in the trial court to the retention of jurisdiction, and that the issue has not been preserved for appeal. The record reveals that there was an objection made when the court announced its intention to reserve jurisdiction. Although not couched in the most artful language, it appears sufficient to advise the trial court of defendant's objection. We are mindful of the admonition that "... magic words are not needed to make a proper objection." Williams v. State, 414 So.2d 509, 512 (Fla. 1982).
However, even should the objection be deemed insufficient to fully apprise the trial court of the basis for defendant's objection, we have previously held, contrary to the State's position, that the contemporaneous objection rule does not apply to sentencing errors where, as here, it is contended that there was an erroneous retention of jurisdiction. Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984) [9 FLW 1945], relying on Rhoden v. State, 448 So.2d 1013 (Fla. 1984). For the reasons expressed in Brumley, we reject the State's argument *917 on that issue. See also, Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984).
So that the State may secure a definitive ruling on the applicability of the contemporaneous objection rule to sentencing errors such as involved here, and as we did in Brumley, we certify to the Supreme Court of Florida, as a question of great public importance, the following:
WHETHER, BY OPERATION OF THE CONTEMPORANEOUS OBJECTION RULE, A DEFENDANT IS PRECLUDED FROM CHALLENGING, ON DIRECT APPEAL, THE TRIAL COURT'S RETENTION OF JURISDICTION OVER ONE-HALF OF HIS SENTENCE WHEN NO OBJECTION TO SUCH RETENTION IS MADE AT THE TIME OF SENTENCING?
Conviction AFFIRMED; Retention of Jurisdiction VACATED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially.
This case involves the applicability of the contemporaneous objection rule to sentencing errors.
Effective June 16, 1983 (chapter 83-131), section 947.16(3), Florida Statutes, was amended to reduce the time for which a judge may retain jurisdiction to review a proposed parole release from one-half to one-third of the sentence. When the defendant was sentenced on June 28, 1983, the trial judge erred in retaining jurisdiction over the first one-half of the sentence. See Hayes v. State, 452 So.2d 656 (Fla. 2d DCA 1984).
Section 947.16(3), Florida Statutes, applies only to certain enumerated offenses, including burglary of a dwelling and burglary of a structure or conveyance in which a human being is present. The defendant was charged and convicted of burglary of the Sunshine Junior Food Store. Neither in the original accusatorial document nor otherwise was it alleged that the burglared structure contained a human being. At no time was the defendant given notice of such an allegation nor an opportunity to be heard as to it. No evidence of this essential fact was presented and it was not made an issue concerning which the trial judge was required to make an adjudication. Due process requires these steps when a judicial determination of such a fact can determine the length of time a defendant may be lawfully incarcerated.
Citing Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980), review denied, 392 So.2d 1375 (Fla. 1980), and Thomas v. State, 394 So.2d 548 (Fla. 5th DCA 1981), quashed in part 419 So.2d 634 (Fla. 1982), the state contends that since the defendant did not raise these sentencing errors in the trial court they were not preserved for appeal.
Until recently this court has rather consistently applied the contemporaneous objection rule to sentencing errors. The following is a case summary of the origin and history of the application of the contemporaneous objection rule (COR)[1] to claimed sentencing errors in this court:

Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980), approved 394 So.2d 407 (Fla. 1980), applied the contemporaneous objection rule (COR) to a sentencing error (the application of the enhancement statute without sufficient notice and essential findings), citing Engel v. State, 353 So.2d 593 (Fla. 3d DCA 1977). Engel applied the COR to a sentencing error (violation of the single transaction rule), citing Jones v. State, 341 So.2d 846 (Fla. 3d DCA 1977) and Noble v. State, 338 So.2d 904 *918 (Fla. 1st DCA 1976). Jones merely cites Noble. Noble cites no authority and only states that the record did not show that the question of the sentencing error was ever raised in the trial court and, further, Noble had been quashed by the supreme court (Noble v. State, 353 So.2d 819 (Fla. 1977)) before Engel issued and long before Smith relied on Engel.

Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1375 (Fla. 1980), applied the COR to a sentencing error (imposition of an enhanced habitual offender sentence without prerequisite findings required by § 775.084(3), Fla. Stat.), citing Smith and Engel and Clark v. State, 363 So.2d 331 (Fla. 1978). Clark does not relate to a sentencing error but to an improper comment on the defendant's exercise of his right to remain silent.

Singleton v. State, 386 So.2d 1314 (Fla. 5th DCA 1980), applied the COR to a sentencing error (imposition of an enhanced habitual offender sentence without prerequisite findings required by § 775.084, Fla. Stat.), citing Smith, Engel, and Noble.

Barlow v. State, 388 So.2d 349 (Fla. 5th DCA 1980), applied the COR to a sentencing error (improperly imposed condition of probation), citing Jones and Smith.

Barlow v. State, 390 So.2d 165 (Fla. 5th DCA 1980), cited Smith and Jones, and held that an objection to an improper condition of probation should first be presented to the trial court.

Dillow v. State, 391 So.2d 752 (Fla. 5th DCA 1980), cited Barlow, 388 So.2d 349 (Fla. 5th DCA 1980), and applied the COR to an issue concerning restitution. Thomas v. State, 394 So.2d 548 (Fla. 5th DCA 1981), applied the COR to a sentencing error (imposition of an enhanced habitual offender sentence without prerequisite findings required by § 775.084(3), Fla. Stat.), citing Jones and Smith. Hampton v. State, 399 So.2d 441 (Fla. 5th DCA 1981), applied the COR to a sentencing error (imposition of enhanced sentence without prerequisite findings), citing Jones.

Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981), applied the COR to sentencing errors (sentencing without a PSI and without prerequisite findings required by § 39.111(6), Fla. Stat.), citing Jones and Smith.

Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA 1981), cited Jones, Smith and Dunman and applied the COR to a sentencing error (failure to make findings required by § 39.111(6), Fla. Stat.).

Burley v. State, 402 So.2d 73 (Fla. 5th DCA 1981), cited Rubasky and Dunman and applied the COR to a sentencing error (failure to make findings required by § 39.111(6), Fla. Stat.).

Canty v. State, 402 So.2d 1232 (Fla. 5th DCA 1981), cited Jones and Smith and applied the COR to a sentencing error (retention of jurisdiction over parole release without stating reasons on record as required by § 947.16(3)(a), Fla. Stat.).

Greene v. State, 403 So.2d 1126 (Fla. 5th DCA 1981), cited Rubasky and Dunman and applied the COR to a sentencing error (failure to make findings required by § 39.111(6), Fla. Stat.).

O'Berry v. State, 406 So.2d 1251 (Fla. 5th DCA 1981), cited Rubasky and Dunman, and applied the COR to a sentencing error (failure to make findings required by § 39.111(6), Fla. Stat.).

Harvey v. State, 408 So.2d 579 (Fla. 5th DCA 1981), cited Smith, Jones and Dunman and applied the COR to a sentencing error (failure to make findings required by § 39.111(6), Fla. Stat.).

Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982), cited Smith, Jones, Singleton, and Barlow, and stated that an objection to an improper condition of probation should first be presented to the trial court.

Glenn v. State, 411 So.2d 1367 (Fla. 5th DCA 1982), cited Rubasky and Dunman and applied the COR to sentencing errors (failure to make findings required by § 39.111(6), Fla. Stat., and the retention *919 of jurisdiction without stating reasons as required by § 947.16(3), Fla. Stat.).

Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982), cited Dunman, Rubasky, and Greene and applied the COR to a sentencing error (failure to make findings required by § 39.111(6), Fla. Stat.). King v. State, 413 So.2d 458 (Fla. 5th DCA 1982), affirmed a denial of post-conviction relief on the authority of Jones and Smith.

Gaskins v. State, 415 So.2d 132 (Fla. 5th DCA 1982), applied the COR to a sentencing error (retention of jurisdiction over parole release without stating reasons as required by § 947.16(3), Fla. Stat.), citing Barlow, Jones and Smith. Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983), applied the COR to a sentencing error (the ex post facto application of § 947.16(3), Fla. Stat., authorizing trial court retention of jurisdiction over parole release), citing Williams v. State, 414 So.2d 509 (Fla. 1982). Williams involved the identical sentencing error as involved in Brown. In Williams the supreme court referred to the COR but found that as a matter of fact in that case an adequate objection had been made.
State v. Rhoden, 448 So.2d 1013 (Fla. 1984), involved a sentencing error (failure to make findings required by section 39.111(6), Fla. Stat.), and in that case the Florida Supreme Court disapproved Dunman, Burley and Glenn stating that the purpose for the COR is not present in the sentencing process.
In Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), the First DCA followed Rhoden in a case where the sentencing error was failure to make findings required by section 39.111(6), Florida Statutes, but in Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984), a case involving a sentencing error (the ex post facto application of § 947.16(3), Fla. Stat., authorizing retention of jurisdiction over parole release, as in Brown and Williams), a majority of the appellate panel declined to follow Rhoden, and narrowly construed Rhoden to apply only to a sentencing error resulting from the failure to make findings required by section 39.111(6), Florida Statutes. However, as Judge Richard W. Ervin, III, dissenting in Cofield, observes, the rationale given by the supreme court for not applying the contemporaneous objection rule to the sentencing error in Rhoden applies equally to all sentencing errors. In Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984), this court applied Rhoden to a sentencing error resulting from an improper application of section 947.16(3), Florida Statutes, authorizing retention of jurisdiction over parole releases.
The holding in Rhoden, that the rationale of the contemporaneous objection rule does not apply to sentencing errors, does not, however, answer other serious questions relating to the review and correction of various sentencing errors.[2] Section 924.06(d), Florida Statutes, and Florida Rule of *920 Appellate Procedure 9.140(b)(D), permits a defendant to appeal an illegal sentence. Rule 3.800(a) provides that a court "may" at any time correct an illegal sentence imposed by it. Rule 3.850 authorizes post-conviction relief and correction of sentences imposed in violation of state or federal constitutions or laws or by a court without jurisdiction or when the sentence "was in excess of the maximum authorized by law" or "was not authorized by law" or when the sentence is otherwise subject (or "open") to collateral attack. When does a sentencing error render the sentence "illegal" within the meaning of section 924.06(d), Florida Statutes, and Rule 9.140(b)(D), which grant a defendant the right to a direct appeal from an illegal sentence? What is the difference between an "illegal sentence" correctable on appeal (or under Rule 3.800(a)) and a sentencing error correctable under Rule 3.850? If a sentencing error renders a sentence "illegal" and hence subject to review on direct appeal, is there any waiver or bar if the error is not timely presented for review by direct appeal or may the defendant still present an appealable sentencing error to the trial court at any time by motion under Rule 3.800(a) or Rule 3.850 and then appeal an adverse ruling? What about the long, long line of cases holding that a matter is not a proper ground for ancillary post-conviction relief under Rule 3.850 if it was either reviewed or reviewable by direct appeal?[3] Is the correction of an illegal sentence under Rule 3.800(a) purely discretionary with the sentencing court? Does Rule 3.800(a) constitute an independent authorization for the correction of an illegal sentence or does it merely authorize correction of a sentence under Rule 3.850 "at any time"?[4] If correction of a sentencing error requires determination of a collateral question of fact not required for a conviction, may the error be first presented on direct appeal or must it be presented under Rule 3.850 (see, e.g., Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981))?
Even before Rhoden some cases had declined to apply the contemporaneous objection rule to sentencing errors found to constitute "fundamental sentencing errors".[5] Though Rhoden eliminates the necessity of determining a sentencing error to be "fundamental" to avoid an implied waiver resulting from the contemporaneous objection rule, is the fundamental/non-fundamental dichotomy still relevant to the ascertainment of the line of demarcation, if any, between "non-fundamental" sentencing errors, which render the sentence "illegal" and must be timely reviewed by direct appeal, and "fundamental" sentencing errors which may be presented by direct appeal but which are also subject to collateral attack under Rule 3.850.?
Sentencing is not a part of the adversary aspect of the criminal justice system that is involved in the determination of guilt. In imposing a sentence the court does not stand neutral between contending parties  the judge represents the interests of organized society in dealing with an offender. No one who believes in the role of law in our form of government believes that a citizen should be deprived of his liberty and confined as punishment except under a sentence imposed in accordance with all lawful requirements.
It should be recognized that, because persons accused of crime are held to be entitled to competent, effective defense counsel and because defense counsel who *921 unwittingly fails to assert and protect valuable sustantive and procedural legal rights of a defendant are not competent and effective, the concept of implied waiver of such rights by failure of counsel to timely object to, and appeal, the violation of such legal rights is essentially inconsistent with the trend to grant defendants relief from the results of failings of incompetent counsel to timely object and appeal legal errors in criminal cases.
In view of the fact that citizens are dependent upon competent counsel and judges to insure that legal sentencing requirements are observed, the clear trend is to eliminate or disregard all legal technical obstacles to the correction of sentencing errors. Those who legislate substantive rights and who promulgate procedural rules should consider if the time has not arrived to take action to improve the present rules and statutes. The first step might be to eliminate these vexatious questions, perhaps by eliminating the right of direct appeal of sentencing errors with the injustice that necessarily attends application of the concept of implied waiver to the failure of counsel to timely, knowingly and intelligently present appealable sentencing errors for direct appellate review. Perhaps it would be better to have one simple procedure, permitting and requiring, any legal error in sentencing that can result in any disadvantage to a defendant, to be presented once, specifically, explicitly, but at any time to the sentencing court for correction with the right to appeal from an adverse ruling.
In this case, there being conflict in the evidence the trial judge was entitled to credit testimony that supported the lawfulness of defendant's confession and reject the defendant's contrary testimony. Therefore the admissibility of the confession was proper and the defendant's conviction is properly affirmed. However, because no waiver resulted from the failure to make a contemporaneous objection in the trial court, Rhoden, and the record in this case is sufficient to determine that section 947.16(3), Florida Statutes, was improperly applied, the special provision of the sentence for retention of jurisdiction under that section is properly stricken and the sentence, as modified, is properly affirmed.
NOTES
[1] As to erroneous rulings admitting evidence the contemporaneous objection rule is embodied in section 90.104(1)(a), Florida Statutes, which limits reversals to errors admitting evidence when a timely objection or a motion to strike appear on the record stating the specific ground of objection if it is not apparent from the context. As to jury instructions, the contemporaneous objection rule is contained in Florida Rule of Criminal Procedure 3.390(d) which provides that no party may assign as error on appeal the giving or the failure to give a jury instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection.
[2] Sentencing errors include (1) failure to extend allocution or to permit the defendant to present matters in bar or in mitigation or extenuation (Rule 3.720) (see, e.g., Hargis v. State, 451 So.2d 551 (Fla. 5th DCA 1984)), (2) sentences in excess of the statutory maximum authorized for the particular offense (see, e.g., §§ 775.082, 958.05, Fla. Stat.); (3) improper departures from guideline sentences (Rule 3.701b.6. and d.11), (4) general sentences (see Dorfman v. State, 351 So.2d 954 (Fla. 1977)), (5) imposition of a withheld sentence, (6) failure to impose mandatory minimum sentences (see §§ 775.082(1), 775.087(2), and 893.135, Fla. Stat.), (7) failure to consider a presentence report when required (Rule 3.710), (8) failure to give statutory jail time credit under section 921.161(1), Fla. Stat., (9) the erroneous imposition of conditions of probation (see, e.g., Fresneda v. State, 347 So.2d 1021 (Fla. 1977), as to restitution, and Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), as to jail confinement), and (10) imposition of sentences under special statutory authority without making essential prerequisite findings in the prescribed manner, such as, the findings required by (a) section 39.111(6), Fla. Stat., to sentence a juvenile as an adult, (b) section 775.084(3), Fla. Stat., to impose an enhanced habitual offender sentence, (c) section 947.16(3), Fla. Stat., to retain jurisdiction over parole release, (d) sections 775.0845 and 775.087(1), Fla. Stat., to enhance punishment for wearing a mask or using a weapon while committing an offense, and (e) section 775.087(2), Fla. Stat., to impose the three year mandatory minimum firearm sentence.
[3] See, e.g., Downs v. State, 453 So.2d 1102 (Fla. 1984); Ziegler v. State, 452 So.2d 537 (Fla. 1984); Foster v. State, 400 So.2d 1 (Fla. 1981); Duhart v. State, 369 So.2d 639. (Fla. 3d DCA 1979); Johnson v. State, 364 So.2d 118 (Fla. 1st DCA 1978); Tyner v. State, 363 So.2d 1165 (Fla. 1st DCA 1978); Pitts v. State, 355 So.2d 505 (Fla. 1st DCA 1978); Burau v. State, 353 So.2d 1183 (Fla. 3d DCA 1978); Ashley v. State, 350 So.2d 839 (Fla. 1st DCA 1977); Austin v. State, 160 So.2d 730 (Fla. 2d DCA 1964).
[4] See Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984).
[5] See, e.g., Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983); Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984).