# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2378
Lower Tribunal No. 2023-CF-014784

_____

STATE OF FLORIDA,

Appellant,

v.

SALOME WEST,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

October 3, 2025

NARDELLA, J.

The State of Florida appeals a downward departure sentence imposed on Salome West after she entered an open plea to defrauding her employer. The statutory reason for downward departure in the present case was that West "cooperated with the state to resolve the current offense . . .", a mitigating circumstance found in section 921.0026(2)(i), Florida Statutes (2024). On appeal, the State argues that West's actions did not qualify as a mitigating circumstance under the text of the statute because she did not cooperate *with the state* when she

informed her employer, a private corporation, of the items and services she stole. It alternatively argues that no competent, substantial evidence supports the downward departure. We reject both arguments, discussing only the first.

Although the State generally argued below that the evidence presented by West was insufficient to justify a downward departure sentence, it never presented the statutory interpretation argument that now appears in its initial brief. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (citation omitted)).

In its initial brief, the State argues for the first time that the trial court erred because West's employer, with whom she may have cooperated after it uncovered her actions, was "not a state actor as required by the mitigation statute." While a legal argument on appeal may be more comprehensive—and often will be—than the argument made by counsel below, it must still be the same legal argument. *Cf. Williams v. State*, 414 So. 2d 509, 511-12 (Fla. 1982) (holding that even though trial counsel did not frame and thus fully flesh out his ex post facto argument to the trial court, the fact that trial counsel articulated a concern with the effective date of a statute was itself sufficiently specific to inform the trial judge of the ex-post facto

argument being made on appeal). And that argument must be raised to the trial court with *sufficient* precision to *fairly* apprise it of the legal argument now being made on appeal. See § 924.051(1)(b), Fla. Stat. (2024) (emphasis added). Failing this test, we find the State's statutory interpretation argument unpreserved.

AFFIRMED.

TRAVER, C.J., and WOZNIAK, J., concur.


James Uthmeier, Attorney General, Tallahassee, and Tabitha Mills, Assistant Attorney General, Daytona Beach, for Appellant.

Blair Allen, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED